■ Deborah H. Van Gorder, Appellant, v Wayne R. Van Gorder, Respondent. [623 NYS2d 935] —White, J. Appeal from an order of the Supreme Court (Canfield, J.), entered November 18, 1993 in Ulster County, which ruled that certain financial obligations of plaintiff, pursuant to a stipulated settlement in an action for divorce, are not dischargeable in bankruptcy.

In the stipulation of settlement of their matrimonial action the parties provided, *inter alia,* that plaintiff would pay defendant $15,000 in monthly installments of $160 for the purpose of satisfying certain income tax liens. They further agreed to submit to Supreme Court the issue of whether plaintiff's obligation could be made nondischargeable in bankruptcy. After reviewing the stipulation and the parties' memoranda of law, Supreme Court found that plaintiff's discharge of her obligation in bankruptcy would be manifestly unjust to defendant and concluded that plaintiff's obligation could not be discharged because it was in the nature of maintenance. Plaintiff appeals.

The Bankruptcy Code excepts from discharge any debts to a "former spouse * * * for * * * maintenance * * * of such spouse * * * [provided that] such liability is actually in the nature of * * * maintenance" (11 USC § 523 [a] [5] [B]). Since the determination of whether such a debt is nondischargeable

must be made in accordance with Federal bankruptcy law rather than State law (see, Matter of Dennis, 25 F3d 274, 277, cert denied sub nom. Dennis v Dennis, — US —, 115 S Ct 732), we must determnine if Supreme Court had subject matter jurisdiction.

The Advisory Committee notes accompanying the Federal Bankruptcy Rules state that jurisdiction over this issue is "held concurrently by the bankruptcy court and any appropriate nonbankruptcy forum" (Notes Advisory Comm on Rules, reprinted following Bankruptcy Rules, rule 4007 [b], at 305). For there to be concurrent jurisdiction, different courts must have jurisdiction over the same subject matter at the same time (see, Black's Law Dictionary 264 [5th ed 1979]). Thus, for a State court to exercise concurrent jurisdiction with a bankruptcy court on the issue of nondischargeability, there must be a bankruptcy case pending either at the time or before the State court addresses the issue (see, In re Bonheur, 148 Bankr 379, 384; see also, Florescue, Distributive Awards and Bankruptcy, NYLJ, Apr. 12, 1993, at 3, col 1). Here, plaintiff's claim that she never filed a bankruptcy proceeding at any time is unchallenged. Accordingly, we find that Supreme Court lacked subject matter jurisdiction. Thus, we reverse.

Our determination would have been the same had we reached the merits due to Supreme Court's failure to make the requisite inquiry to determine whether the parties intended plaintiff's obligation to be maintenance and whether the obligation is actually in the nature of maintenance (see, In re Sampson, 997 F2d 717, 723).

Cardona, P. J., Mikoll, Casey and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs.