■ STATE OF NEW YORK, Respondent, v CHRISTINE S. WILLIAMS, as Executor of WILLIAM H. SCHACHT, Deceased, et al., Defendants, and R.J. GUERRERA, INC., Appellant. [843 NYS2d 722]—

---

Kane, J. Appeal from an order of the Supreme Court (Mc-Carthy, J.), entered November 3, 2006 in Albany County, which, among other things, denied a motion by defendant R.J. Guerrera, Inc. to vacate a default judgment entered against it.

In 1997, plaintiff discovered a petroleum discharge on the property of a service station to which defendant R.J. Guerrera, Inc. (hereinafter defendant) delivered fuel for more than a decade. The discharge is alleged to have been caused by overfilling and leaking of underground storage tanks. In 2003, Mystic Tank Lines Corporation became defendant's successor in interest. In May 2004, plaintiff commenced this Navigation Law article 12 action against all potential dischargers on the site, including defendant,* and properly served defendant through the Secretary of State. After the time for answering had passed, plaintiff notified defendant that it was in default. Defendant did not respond.

In September 2004, Mystic informed plaintiff of its acquisition of defendant and that Mystic had filed a petition for bankruptcy on June 1, 2004. Plaintiff advised Mystic's counsel that defendant was in default and provided additional copies of the summons with notice, affidavit of service and verified complaint. Plaintiff also advised defendant's counsel of a pending settlement conference. No one appeared at the conference on behalf of defendant. In November 2004, Mystic filed a "Suggestion of Bankruptcy" document with the Albany County Clerk, in an effort to inform Supreme Court and the parties of the pending bankruptcy proceeding and stay this action. Since Mystic never served this document on plaintiff, it had no legal significance. In June 2005, plaintiff gave defendant a final warning of its

---

* Although Mystic was defendant's successor in interest, Mystic was never named as a defendant in this action or formally served. Defendant apparently remained registered as an active corporation in New York.

default, then obtained a default judgment by filing an application with the County Clerk pursuant to CPLR 3215 (a). Supreme Court denied defendant's subsequent motion to vacate the default judgment, prompting this appeal.

Initially, Supreme Court was not divested of jurisdiction over this action. State courts and federal bankruptcy courts have concurrent jurisdiction over certain claims if proceedings are pending in both courts at the same time (*see Insurance Co. of State of Pa. v HSBC Bank USA,* 37 AD3d 251, 258 [2007]; *Van Gorder v Van Gorder,* 213 AD2d 893, 894 [1995]; *see also* 11 USC § 362 [b] [4] [providing exception to statutory stay, permitting a governmental entity's action to continue despite debtor's bankruptcy filing]). Plaintiff's filing of a proof of claim with Bankruptcy Court merely served to protect its interests and keep that court apprised of its claim; that filing did not forfeit plaintiff's right to continue prosecuting this state court action. In fact, District Court affirmed Bankruptcy Court's allowance of plaintiff's claim, holding that the automatic stay did not apply here and the state court judgment entered during the pendency of the bankruptcy proceeding was deemed valid (*see In re Mystic Tank Lines Corp.,* US Dist Ct, NJ, Aug. 22, 2006, Thompson, J., 04-28333 [RTL]).

Supreme Court properly determined that defendant was in default and that it failed to set forth a reasonable excuse for its default. Contrary to defendant's contention, filing a "Suggestion of Bankruptcy" did not constitute an appearance in this action which would entitle defendant to notice of plaintiff's application for a default judgment (*see* CPLR 320 [a]; 3215 [g] [1]). Not having appeared in the action, defendant was not entitled to notice of plaintiff's application for a default judgment (*see* CPLR 3215 [g] [1]). Nevertheless, by letter dated June 15, 2005, plaintiff gave defendant notice that it continued to be in default in the state court action and that if it did not appear by the end of the month, a default judgment would be taken against it. Notwithstanding multiple warnings about the status of the state court action, defendant declined to appear and answer. Under the circumstances, the court correctly determined that defendant's failure to appear was not excusable (*see* CPLR 5015 [a] [1]; *Hyundai Corp. v Republic of Iraq,* 20 AD3d 56, 62-63 [2005], *lv dismissed* 5 NY3d 783 [2005]; *County Asphalt v North Rockland Underground Corp.,* 96 AD2d 570, 570 [1983]).

However, because plaintiff failed to provide facts establishing its claim within its application for a default judgment, we vacate that judgment. An applicant for a default judgment must submit

either an affidavit asserting the facts comprising the claim or a verified complaint, so the court has nonhearsay confirmation of the factual basis constituting a prima facie case (*see* CPLR 3215 [f]; *Gagen v Kipany Prods.*, 289 AD2d 844, 845 [2001]; *Matter of Dyno v Rose*, 260 AD2d 694, 698 [1999], *appeal dismissed* 93 NY2d 998 [1999], *lv denied* 94 NY2d 753 [1999]; *Feffer v Malpeso*, 210 AD2d 60, 61 [1994]). Despite defendant's failure to raise this issue before the trial court, we can consider it on appeal because the error is apparent on the face of documents in the record and would have been irrefutable had it been properly raised (*see Hann v Morrison*, 247 AD2d 706, 708 [1998]; *Woodward v Eighmie Moving & Stor.*, 151 AD2d 892, 893 [1989]). While plaintiff's statement for judgment and affidavit of facts supplied sufficient information concerning proper service, defendant's failure to appear and the amount due, the factual assertion regarding the cause of action stated only that "[t]he basis for the action is the [d]efendant's failure to pay or repay costs incurred by [plaintiff], pursuant to Navigation Law article 12, in cleanup and removal costs of a petroleum discharge." This brief sentence was insufficient to establish a prima facie case against defendant. Although plaintiff filed a complaint which it served on all parties who answered, that complaint was not relied upon in its application for a default judgment. Having failed to meet the statutory requirements for proof to support an application for a default judgment (*see* CPLR 3215 [f]), the default judgment is a nullity and must be vacated, without prejudice to plaintiff renewing its application (*see Hann v Morrison*, 247 AD2d at 708; *Feffer v Malpeso*, 210 AD2d at 61; *but see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003] [declining to decide "whether noncompliance with CPLR 3215 (f) renders a default judgment a 'nullity' "]).

Cardona, P.J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted and default judgment vacated, without prejudice to plaintiff renewing its application for a default judgment.