333 CHERRY LLC et al., Respondents, v NORTHERN RESORTS, INC., Appellant. [887 NYS2d 341]—

Spain, J. Appeal from an order of the Supreme Court (Dawson, J.), entered August 28, 2008 in Essex County, which denied defendant's cross motion for permission to file a late answer and granted plaintiffs' motion for a default judgment.

Plaintiffs are the owners of a hotel complex known as Northwoods Inn located in the Village of Lake Placid, Essex County. Plaintiffs are successors in interest to Northern Hotels Corporation which had entered into a lease with defendant in 1998. The lease permitted defendant to sell timeshares in Northwoods Inn in exchange for a base rent and pro rata share of taxes, insurance, utilities and other costs. Having allegedly received no rent or lease payments from defendant, plaintiffs, in March 2008, sent defendant a notice to pay rent claiming a defi-

ciency of $512,789. Defendant requested an accounting and then plaintiffs commenced an action for a declaration of the parties' rights under the lease, effecting service on defendant by serving the Secretary of State on April 10, 2008 (*see* Business Corporation Law § 306 [b]). After defendant unsuccessfully moved to disqualify plaintiffs' counsel,[1] plaintiffs served a notice of default upon defendant with copies of the summons and complaint (*see* CPLR 3215 [g] [4] [i]). Defendant served an answer with counterclaims on June 28, 2008. Plaintiffs rejected the answer and moved for a default judgment; defendant opposed, cross-moving to file a late answer, although failing to file a notice of motion. Supreme Court granted plaintiffs' motion for a default judgment and denied defendant's cross motion, citing defendant's failures, among others, to deny that it was in default of the lease or to proffer a reasonable excuse for its late answer. Defendant appeals.

Initially, defendant argues that Supreme Court abused its discretion in denying its motion for leave to serve a late answer. A court may grant an extension of time to serve an answer "upon such terms as may be just and upon a showing of reasonable excuse for delay or default" (CPLR 3012 [d]; *see Watson v Pollacchi*, 32 AD3d 565, 565 [2006]). Notably, defendant was required to serve an answer by May 10, 2008[2] (*see* CPLR 320 [a]; 3012 [c]; Business Corporation Law § 306 [b] [1]), but did not request an extension of time (*see* CPLR 3012 [d]) or attempt to serve an answer until June 28, 2008; in fact, defendant waited until July 17, 2008, after plaintiffs moved for a default judgment, to move to compel acceptance of its untimely answer (*see* CPLR 3012 [d]). Defendant neither made a proper motion to dismiss (*see* CPLR 3211 [a] [1]-[11]; [f]) nor a motion to correct the pleadings (*see* CPLR 3024 [c]) so as to extend its time to answer. Defendant's motion to disqualify plaintiffs' counsel was not a proper ground for a CPLR 3211 motion to dismiss and, given that "what constitutes a reasonable excuse for the delay lies within the sound discretion of the [trial] court" (*Amodeo v Gellert & Quartararo, P.C.*, 26 AD3d 705, 706 [2006]), we discern no reason to disturb Supreme Court's rejection of defendant's unsupported excuse that it believed its motion to disqualify would extend its time to answer (*see Rickert v Chestara*, 56 AD3d 941, 942 [2008]).

Further, while defendant opposed plaintiffs' motion for a

---

1. Defendant's motion to disqualify was premised upon the fact that a member of the firm representing plaintiffs had previously represented defendant and Northern Hotels Corporation in a mortgage foreclosure action.

2. Service on defendant was complete on April 10, 2008 when the Secretary of State was served, giving defendant 30 days to answer.

default judgment by asserting that plaintiffs had collected some lease rents and fees directly from the time share occupants, defendant never alleged that it had paid any rent or fees under the lease or that any payments were made for taxes or insurance due on the lease. Defendant thereby failed to establish the existence of a meritorious defense to plaintiffs' action, which exclusively sought a declaration that defendant was in default of the terms of the lease and did not seek damages. In view of the foregoing, we cannot conclude that Supreme Court improvidently declined defendant's request to compel plaintiffs to accept its very untimely answer (*see Harcztark v Drive Variety, Inc.*, 21 AD3d 876, 876-877 [2005]; *see also Aquilar v Nassau Health Care Corp.*, 40 AD3d 788, 789 [2007]).

Likewise, we are not persuaded by defendant's challenges to Supreme Court's determination to award plaintiffs a default judgment.[3] Initially, while generally no appeal lies from an order entered upon a default (*see* CPLR 5511) where, as here, defendant appeared and contested entry of the default judgment, the prohibition is inapplicable and the order is appealable (*see Robert Marini Bldr. v Rao*, 263 AD2d 846, 848 [1999]; *see also ABS 1200, LLC v Kudriashova*, 60 AD3d 1164, 1165 n 3 [2009]). Upon review, we agree that plaintiffs adequately supported their application for a default judgment with "proof of service of the summons and the complaint, . . . proof of the facts constituting the claim, the default and . . . [p]roof of mailing the notice required by [CPLR 3215 (g) (4) (i)]" (CPLR 3215 [f]). The affidavit of plaintiffs' counsel established the proof of service requirements, as well as defendant's default and plaintiffs' mailing of the notice required by CPLR 3215 (g). Contrary to defendant's claim, service on the Secretary of State pursuant to Business Corporation Law § 306 (b) (1) is a valid method; defendant's uncorroborated denial that it never received notice in time to defend is insufficient to rebut the presumption that it received a properly mailed letter, and is belied by defendant's motion to disqualify plaintiffs' counsel in this action, a motion made within its time to answer (*see Brightly v Florida N., Inc.*, 54 AD3d 1127, 1128 [2008]).

---

**3.** As ripeness and justiciability are matters pertaining to subject matter jurisdiction which can be raised at any time (*see Police Benevolent Assn. of N.Y. State Troopers, Inc. v New York State Div. of State Police*, 40 AD3d 1350, 1352 n 2 [2007], *appeal dismissed and lv denied* 9 NY3d 942 [2007]), we have considered them sua sponte but do not find that paragraph 16 of the subject lease, which confers rights on the landlord in the event of the tenant's (defendant's) default, required plaintiffs to delay commencing this declaratory judgment action or otherwise limited plaintiffs' rights (*see Kalisch-Jarcho, Inc. v City of New York*, 72 NY2d 727, 731-732 [1988]).

While defendant is correct that the affidavit and complaint verified by plaintiffs' counsel, who lacked personal knowledge, were not sufficient to establish "proof of the facts constituting the claim" (CPLR 3215 [f]; *see DeVivo v Sparago*, 287 AD2d 535, 536 [2001]), the affidavit of plaintiffs' managers sufficiently established that, despite demands, between 2005 and 2007 defendant failed to pay rents and its share of other expenses due under the lease. These affidavits, based upon personal knowledge, alleged sufficient "facts to enable a court to determine that a viable cause of action exists" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]) and, thus, satisfied plaintiffs' burden of submitting nonhearsay proof confirming the factual basis for their claim in support of their motion for a default judgment (*see* CPLR 3215 [f]; *State of New York v Williams*, 44 AD3d 1149, 1151-1152 [2007]). While these affidavits in support of plaintiffs' default motion were first submitted responsively with plaintiffs' opposition to defendant's cross motion, we cannot say that Supreme Court erred in considering them in support of plaintiffs' motion, particularly given the court's consideration of defendant's reply affidavit thereto. Having reviewed defendant's remaining contentions, and satisfied that plaintiffs made the requisite showing entitling them to a default judgment (*see* CPLR 3215 [f]), we affirm the order.

Cardona, P.J., Mercure, Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, with costs.