■ State of New York, Respondent, v Christine S. Williams, as Executor of William H. Schacht, Deceased, et al., Defendants, and R.J. Guerrera, Inc., Appellant. (And Third-Party and Fourth-Party Actions.) [901 NYS2d 751]—

Malone Jr., J. Appeals (1) from an order of the Supreme Court (Platkin, J.), entered July 2, 2008 in Albany County, which, among other things, upon renewal, granted plaintiff's motion for a default judgment against defendant R.J. Guerrera, Inc., and (2) from the judgment entered thereon.

In 1997, plaintiff discovered a petroleum discharge on the property of a service station to which defendant R.J. Guerrera,

Inc. (hereinafter defendant) delivered fuel for more than a decade. In 2004, plaintiff commenced this Navigation Law article 12 action against defendant and other potential dischargers.[1] As is relevant here,[2] in June 2005, plaintiff obtained a default judgment against defendant by filing an application with the County Clerk pursuant to CPLR 3215 (a). Although Supreme Court denied defendant's subsequent motion to vacate the default, on appeal, this Court determined that plaintiff had not stated facts constituting the claim in its application for a default judgment and thereby vacated the judgment, without prejudice to plaintiff renewing its application (44 AD3d 1149 [2007]). Plaintiff promptly moved to renew its application for a default judgment, submitting additional proof of facts to support its claim. Defendant opposed the motion and cross-moved to, among other things, dismiss the complaint against it. Supreme Court granted plaintiff's motion and denied the cross motion. Defendant appeals from the order and the judgment entered thereon. Thereafter, defendant moved for leave to renew its opposition to plaintiff's renewed motion for a default judgment and to vacate the default judgment pursuant to CPLR 5015. Supreme Court denied the motion and defendant did not appeal from that order.

We agree with Supreme Court that, upon renewal, plaintiff adequately supported the application with sufficient "proof of the facts constituting the claim" (CPLR 3215 [f]). Contrary to defendant's contention, plaintiff was permitted to submit the affidavit of an Assistant Attorney General (see CPLR 3215 [f]), and that affidavit alleged that defendant delivered petroleum products to the spill site during the relevant time period. An affidavit from a Department of Environmental Conservation engineer, whose information was based upon personal knowledge of the remediation as well as review of official records of such, further alleged that the soil at the spill site was contaminated with petroleum and that one cause of the contamination was overfilling of the underground storage tanks during gasoline deliveries. A third affidavit established that the tank closure report relied upon by the engineer and the Assistant Attorney General in their affidavits was an admissible business record (see CPLR 4518 [a]). Because these affidavits alleged sufficient "facts to enable a court to determine that a viable cause of action exists" (Woodson v Mendon Leasing Corp., 100 NY2d 62,

---

1. Mystic Tank Lines Corporation became defendant's successor in interest in 2003, but has never been named as a defendant in this action.

2. Not at issue here is Mystic's bankruptcy proceeding, wherein, among other things, it unsuccessfully sought relief from plaintiff's claim.

70-71 [2003]; *see 333 Cherry LLC v Northern Resorts, Inc.*, 66 AD3d 1176, 1179 [2009]), plaintiff's renewed motion for a default judgment was properly granted.

Next, defendant contends that Supreme Court improperly denied its motion to renew its opposition to plaintiff's renewed application for default judgment.[3] Defendant was required to base the renewal motion on newly discovered evidence which, although in existence at the time of the original motion, was not known to defendant, together with a reasonable justification for not previously presenting such evidence (*see 2 N. St. Corp. v Getty Saugerties Corp.*, 68 AD3d 1392, 1396 [2009], *lv denied* 14 NY3d 706 [2010]; *see* CPLR 2221 [e]; *Tibbits v Verizon N.Y., Inc.*, 40 AD3d 1300, 1302-1303 [2007]; *Wahl v Grippen*, 305 AD2d 707, 707 [2003]). Here, defendant based its motion on deposition testimony that it obtained through discovery that took place subsequent to the entry of Supreme Court's order granting plaintiff's renewed application for a default judgment, as well as deposition testimony that was available at the time of plaintiff's renewed motion for a default judgment. Although defendant maintains that such testimony undermines plaintiff's proof, defendant failed to offer any justification for its failure to provide the deposition testimony that was previously available, as is required by statute (*see* CPLR 2221 [e] [3]).

Further, we agree with Supreme Court that the sufficiency of plaintiff's proof on its motion for a default judgment—which was necessarily made prior to, and without the benefit of, discovery—should not be evaluated against the factual record as developed following the completion of subsequent depositions in connection with the prosecution of claims against other potentially responsible parties. Moreover, defendant does not contend that the new deposition testimony renders plaintiff's proof insufficient to support the default judgment as a matter of law but, rather, contends that the new testimony calls into question the relative strength of plaintiff's submissions. However, on its application for a default judgment, plaintiff was not required to prove its entitlement to judgment as a matter of law; it was required only to present sufficient nonhearsay facts to demonstrate the existence of a viable cause of action (*see Woodson v Mendon Leasing Corp.*, 100 NY2d at 70-71; *333 Cherry LLC v Northern Resorts, Inc.*, 66 AD3d at 1179), which, as decided above, plaintiff was successful in doing. Finally, as Supreme Court noted, most, if not all, of the alleged deficiencies in

---

**3.** Although defendant did not appeal from the order denying this motion, this Court is authorized to address defendant's claims with respect to such order pursuant to CPLR 5517 (b).

plaintiff's proof were discernable on the record as it existed at the time that plaintiff made its prior application for a default judgment, and defendant offered no justification for failing to present such facts at that time. Accordingly, we cannot say that Supreme Court abused its discretion by denying defendant's motion to renew.

To the extent not specifically addressed herein, defendant's remaining contentions have been considered and found to be unavailing.

Peters, J.P., Lahtinen, Stein and Garry, JJ., concur. Ordered that the order and judgment are affirmed, without costs. **[Prior Case History: 20 Misc 3d 1106(A), 2008 NY Slip Op 51246(U).]**