■ Dayco Mechanical Services, Inc., Respondent, v Dino Toscani et al., Defendants, and 119 Main Street, LLC, et al., Appellants. [941 NYS2d 792]—

Mercure, A.P.J. Appeal from an order of the Supreme Court (Melkonian, J.), entered January 21, 2011 in Ulster County, which, among other things, granted plaintiff's motion for a default judgment against certain defendants.

In 2003 and 2004, plaintiff installed various cooling and refrigeration equipment in properties located at 115-121 Main Street and 127 Main Street in the City of New Paltz, Ulster County. In 2009, after receiving only partial payment for services rendered, plaintiff commenced this action for breach of contract, account stated and unjust enrichment. Defendant Dino Toscani, who had originally contacted plaintiff about performing the work, filed an answer, but the three remaining defendants—Toscani and Sons, Inc., 119 Main Street, LLC (owner of the property located at 115-121 Main Street), and 127 Main Street, LLC (owner of the property at that location)—failed to appear. Plaintiff then moved for a default judgment against those three defendants. 119 Main Street, LLC and 127 Main Street, LLC (hereinafter collectively referred to as the Main Street defendants) opposed the motion and cross-moved for leave to file a late answer. Supreme Court denied the cross motion, and granted plaintiff's motion for a default judgment against all three defendants. The Main Street defendants now appeal.

We affirm. Plaintiff demonstrated entitlement to a default judgment by submitting proof of service upon the Main Street defendants, the facts supporting its claim, and the Main Street defendants' default (*see* CPLR 3215 [f]; *333 Cherry LLC v Northern Resorts, Inc.*, 66 AD3d 1176, 1178-1179 [2009]). In response, the Main Street defendants failed to establish a "reasonable excuse for delay or default" that would justify an extension of their time to answer (CPLR 3012 [d]; *see Walley v Leatherstocking Healthcare, LLC*, 79 AD3d 1236, 1237 [2010]; *333 Cherry LLC v Northern Resorts, Inc.*, 66 AD3d at 1177). The Main Street defendants did not dispute that service was properly made upon the Secretary of State pursuant to Business Corporation Law § 306 (b) (1); rather, Georgina Tufano, who claims to be the Main Street defendants' only member, contends that Toscani received the documents in the mail but did not inform her. Notably, however, mere denial of receipt of the summons and complaint will not defeat the presumption of proper service established here (*see 333 Cherry LLC v Northern Resorts,*

*Inc.*, 66 AD3d at 1178; *Brightly v Florida N., Inc.*, 54 AD3d 1127, 1128 [2008]; *Trini Realty Corp. v Fulton Ctr. LLC*, 53 AD3d 479, 479-480 [2008]) and, under the circumstances of this case, Toscani's conclusory affidavit in support of the cross motion is insufficient to rebut the presumption of receipt by the proper party. Accordingly, we cannot say that Supreme Court abused its discretion in denying the cross motion for leave to file a late answer and granting plaintiff's motion for a default judgment.

Rose, Malone Jr., Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.