*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 12, 2017                    523079
_____

JESSICA SNYDER,
                    Respondent,

        v

BALJINDER SINGH et al.,                    MEMORANDUM AND ORDER
                    Appellants,
                    et al.,
                    Defendants.
_____


Calendar Date:  November 17, 2016

Before:  Peters, P.J., Garry, Devine, Mulvey and Aarons, JJ.,

_____


        Smith, Sovik, Kendrick & Sugnet, PC, Syracuse (Kristin M.
Benson of counsel), for appellants.

        Edward E. Kopko, Lawyer PC, Ithaca (Edward E. Kopko of
counsel), for respondent.

_____


Mulvey, J.

        Appeal from an order of the Supreme Court (Rumsey, J.),
entered March 22, 2016 in Tompkins County, which, among other
things, granted plaintiff's motion for a default judgment.

        In September 2014, plaintiff commenced this action for
dental malpractice by filing a summons with notice, alleging that
defendant Baljinder Singh, the sole owner of defendants Baljinder
Singh, D.D.S., P.C. and Cortland Dental (hereinafter collectively
referred to as defendants), unnecessarily extracted her teeth in
March 2012.  On December 19, 2014, plaintiff effected personal
service of the summons with notice upon defendants by substituted
service upon defendants' office manager.  On December 24, 2014,

plaintiff also mailed a copy of the summons with notice to defendants' office. On January 29, 2016, plaintiff moved for a default judgment after receiving no notice of appearance from defendants. On February 24, 2016, defendants cross-moved for leave to file a late answer and compel plaintiff to accept service pursuant to CPLR 3012 (d). Supreme Court thereafter granted plaintiff's motion and denied defendants' cross motion. Defendants appeal.

Defendants argue that Supreme Court erred in granting plaintiff's motion inasmuch as they demonstrated a reasonable excuse for their default, contending that, upon receipt of the summons with notice, their office manager retrieved a chart for a "Jessica Snyder" and noted that defendants had not treated her since 2002. The office manager discussed this discovery with Singh and then telephoned plaintiff's counsel, reporting that more than 10 years had elapsed since defendants' treatment of plaintiff. Defendants took no further action until receipt of a courtesy copy of plaintiff's motion for a default judgment. Singh eventually learned that he had two patients by the name of Jessica Snyder and that the office manager had retrieved the chart for the wrong one. Defendants contend that this mistake is a clerical error constituting a reasonable excuse for the default.

"Supreme Court possesses the discretion to permit late service of an answer upon a showing of a reasonable excuse for the delay and a meritorious defense to the [action]" (Puchner v Nastke, 91 AD3d 1261, 1261-1262 [2012] [citations omitted]). Here, defendants willfully chose to take no action after contacting plaintiff's attorney. Notably, neither Singh nor the office manager contend that they relied upon any instruction from plaintiff's counsel (compare Matter of Toyota Motor Credit Corp. v Impressive Auto Ctr., Inc., 80 AD3d 861, 864 [2011]), and defendants do not cite any basis for a "reasonable belief that the action was informally resolved" (Doane v Kiwanis Club of Rotterdam, N.Y., Inc., 128 AD3d 1309, 1311 [2015]). Singh unilaterally determined, erroneously, that the action was invalid given the passage of time, and defendants consciously chose not to contest liability or defend the action. A defendant's mistaken belief that it has no liability "does not constitute a

reasonable excuse for [its] default" (<u>Lounsbury v Kiehl</u>, 255 AD2d 774, 775-776 [1998]).  Under these circumstances, Supreme Court did not abuse its discretion and it properly denied defendants' cross motion.  Given this finding, we need not address defendants' contention that defendants have a meritorious defense.

Defendants also argue that plaintiff's motion for a default judgment was untimely.  As this contention was not raised before Supreme Court, it is unpreserved for appellate review (<u>see</u> <u>Stein v Kendal at Ithaca</u>, 129 AD3d 1366, 1367 [2015]; <u>Agility Funding, LLC v Wholey</u>, 119 AD3d 1168, 1169 [2014]).  Were this issue properly before us, however, we would reject it.  The record confirms that plaintiff's motion was filed within one year of defendants' default.  Since defendants were served by "delivery and mail" under CPLR 308 (2), and proof of mailing was filed with the County Clerk on December 29, 2014, service was complete 10 days after filing on January 8, 2015 pursuant to CPLR 3012 (c).  Thirty days for defendants' appearance, pursuant to CPLR 320 (a), therefore expired on February 8, 2015, rendering plaintiff's motion filed January 29, 2016 timely.

Peters, P.J., Garry, Devine and Aarons, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court