Gerster's Triple E. Towing & Repair, Inc. v Pishon Trucking, LLC (2021 NY Slip Op 04265)





Gerster's Triple E. Towing & Repair, Inc. v Pishon Trucking, LLC


2021 NY Slip Op 04265


Decided on July 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 8, 2021

530332 530340 531641
[*1]Gerster's Triple E. Towing and Repair, Inc., Respondent,
v
Pishon Trucking, LLC, et al., Appellants.

Calendar Date:May 27, 2021

Before:Lynch, J.P., Clark, Aarons and Colangelo, JJ.

Umoh Law Firm, PLLC, New York City (Uwem Umoh of counsel), for appellants.
Saunders Kahler, LLP, Utica (Merritt S. Locke of counsel), for respondent.



Clark, J.
Appeals (1) from an order of the Supreme Court (Northrup Jr., J.), entered August 26, 2019 in Delaware County, which, among other things, granted plaintiff's motion for a default judgment, (2) from an order of said court, entered October 31, 2019 in Delaware County, which denied defendants' motion to, among other things, vacate the default judgment, and (3) from an order and judgment of said court, entered January 29, 2020 in Delaware County, which, upon an inquest, awarded damages to plaintiff.
In 2013, a tractor trailer operated by defendant Pishon Trucking, LLC and owned by defendant Biniam Ghebreselassie was traveling on Interstate 88 in Delaware County when it went off the road and rolled over, thereby injuring the driver and causing its cargo — 2,880 cases of peanut butter — to spill onto the roadway. The State Police responded to the accident scene and summoned plaintiff — its authorized towing company — to clear the road and remove the tractor trailer and its cargo to a storage facility. In July 2014, following defendants' failure to pay plaintiff's invoiced bill for the cleanup, towing and storage, plaintiff commenced this action alleging causes of action for services rendered, quantum meruit and implied contract. Defendants did not join issue and instead removed the action to the US District Court for the Northern District of Texas, which ultimately determined that venue was improper and transferred the action to the US District Court for the Northern District of New York. However, in June 2016, that court concluded that it lacked subject matter jurisdiction over the action and remanded the matter to Supreme Court.
In August 2016, despite the fact that issue had not been joined, plaintiff moved for summary judgment. In November 2016, defendants cross-moved for a continuance and for permission to file a late pre-answer motion to dismiss. Supreme Court (Burns, J.) partially granted plaintiff's motion, awarding it summary judgment on liability on its second and third causes of action, and denied defendants' cross motion. Upon defendants' appeal, this Court upheld the denial of defendants' cross motion for a continuance and leave to file a late pre-answer motion to dismiss, but reversed Supreme Court's partial grant of summary judgment to plaintiff and remitted for further proceedings (167 AD3d 1353 [2018]).
In March 2019, despite the fact that they had not received permission to file a late pre-answer motion to dismiss, defendants moved to dismiss the complaint or, alternatively, for leave to serve a late answer. Plaintiff opposed the motion and cross-moved for a default judgment. By order entered in August 2019, Supreme Court (Northrup Jr., J.) denied defendants' motion, granted plaintiff's cross motion for a default judgment on the issue of liability and directed the parties to appear for an inquest. Defendants then moved in Supreme Court for vacatur of the default judgment, renewal or reargument of their March 2019 motion [*2]to dismiss and a stay of the inquest pending appeal.[FN1] By order entered in October 2019, Supreme Court denied defendants' motion. Following an inquest, at which defendants failed to appear, Supreme Court issued an order and judgment, entered in January 2020, awarding plaintiff judgment against defendants in the amount of $86,441.39 and directing that plaintiff have execution therefor. Defendants appeal from the August 2019 and October 2019 orders, as well as the January 2020 order and judgment.
To begin, we reject defendants' assertion that Supreme Court should have addressed the merits of their motion to dismiss. Although not recognized by Supreme Court,[FN2] defendants' pre-answer motion to dismiss was untimely, as it was not made before service of the answer was required (see CPLR 3211 [e]) and defendants did not receive permission to file a late pre-answer motion to dismiss (167 AD3d at 1355-1356). In any event, even if defendants' pre-answer motion to dismiss had been timely, we would find it to be without merit (see New York Mun. Power Agency v Town of Massena, 188 AD3d 1517, 1519-1520 [2020]; Rafferty Sand & Gravel, LLC v Kalvaitis, 116 AD3d 1290, 1291-1292 [2014]).
With respect to defendants' alternative request for leave to serve a late answer, which Supreme Court did not expressly address, we note that "[a] court may grant an extension of time to serve an answer 'upon such terms as may be just and upon a showing of reasonable excuse for delay or default'" (333 Cherry LLC v Northern Resorts, Inc., 66 AD3d 1176, 1177 [2009], quoting CPLR 3012 [d]). As a reason for their delay, defendants asserted that, "[f]ollowing the remand from federal court, [their] counsel had trouble finding out the status of the case because lead counsel was located in Texas and local counsel in Brooklyn." Given that the US District Court for the Northern District of New York expressly remanded the action to Supreme Court in Delaware County, where the action was originally commenced, we find defendants' proffered excuse to be wholly unreasonable. As defendants failed to make the requisite showing, there was no basis upon which to grant defendants leave to serve a late answer (see Walley v Leatherstocking Healthcare, LLC, 79 AD3d 1236, 1237 [2010]; 333 Cherry LLC v Northern Resorts, Inc., 66 AD3d at 1177; Special Prods. Mfg. v Douglass, 159 AD2d 847, 848 [1990]).
Defendants further argue that Supreme Court should have dismissed the complaint as abandoned under CPLR 3215 (c), rather than grant plaintiff a default judgment on the issue of liability. CPLR 3215 (c) provides, in relevant part, that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." "[A]s long as proceedings are being taken, and these [*3]proceedings manifest an intent not to abandon the case but to seek a judgment, the case should not be subject to dismissal" (Brown v Rosedale Nurseries, 259 AD2d 256, 257 [1999] [internal quotation marks and citation omitted]; accord CitiMortgage, Inc. v Lottridge, 143 AD3d 1093, 1094 [2016]; see generally Estate of Spiegel v Estate of Rickey, 29 AD3d 1180, 1181 [2006]).
We agree with Supreme Court that, following defendants' default in August 2014, plaintiff continuously engaged in proceedings that manifested an intent to seek judgment. Plaintiff actively participated in the action following its removal to federal court in September 2014 and expressly moved in the US District Court for the Northern District of New York for remand to Supreme Court. Shortly after the action was remanded to Supreme Court, plaintiff moved for summary judgment on its complaint, which, although improper, clearly demonstrated an intention to obtain judgment. Further, within months after this Court reversed Supreme Court's partial grant of summary judgment, plaintiff moved for a default judgment. As Supreme Court properly concluded, the action's procedural history demonstrates that plaintiff repeatedly engaged in proceedings to obtain judgment in its favor and that it did not at any point evince an intent to abandon its complaint (see Cumanet, LLC v Murad, 188 AD3d 1149, 1151-1152 [2020]; U.S. Bank, N.A. v Duran, 174 AD3d 768, 770 [2019]). Accordingly, contrary to defendants' contention, dismissal of the complaint under CPLR 3215 (c) was not warranted (see Brown v Rosedale Nurseries, 259 AD2d at 257).
Defendants' remaining arguments, including their assertion that the note of issue was untimely, have been reviewed and found to be without merit.
Lynch, J.P., Aarons and Colangelo, JJ., concur.
ORDERED that the orders and the order and judgment are affirmed, with costs.



Footnotes

Footnote 1: Defendants also unsuccessfully moved in this Court for a stay of the inquest pending appeal (2019 NY Slip Op 84611[U]).

Footnote 2: In declining to reach the merits of defendants' motion to dismiss, Supreme Court misinterpreted this Court's prior order and erroneously concluded that the motion to dismiss was barred by law of the case. In so concluding, Supreme Court improperly reasoned that this Court, in its prior decision, had treated defendants' motion for a continuance and leave to file a late pre-answer motion to dismiss as an actual motion to dismiss.