Kegelman v Town of Otsego (2021 NY Slip Op 07597)





Kegelman v Town of Otsego


2021 NY Slip Op 07597


Decided on December 30, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 30, 2021

532531

[*1]Brian J. Kegelman et al., Appellants,
v
Town of Otsego, Respondent.

Calendar Date:November 16, 2021

Before: Garry, P.J., Egan Jr., Lynch, Pritzker and Colangelo, JJ.


Brian J. Kegelman and Joan C. Kegelman, Fly Creek, appellants pro se.
McGiveny Kluger Clark & Intoccia, PC, Syracuse (Nicholas P. Fedorka of counsel), for respondent.


Pritzker, J.
Appeal from an order of the Supreme Court (Burns, J.), entered July 17, 2020 in Otsego County, which, among other things, denied plaintiffs' motion for a default judgment.
In July 2019, plaintiffs — who are self-represented — attempted to commence this action alleging that defendant damaged plaintiffs' property while performing construction work to replace a culvert near plaintiffs' property.[FN1] In January 2020, after receiving no response from defendant, plaintiffs moved for a default judgment. Defendant responded to that motion with an affirmation in opposition in which it asserted numerous procedural issues concerning General Municipal Law §§ 50-e and 50-i, CPLR 304 and 306-b and collateral estoppel.[FN2] Plaintiffs replied and, as part of that reply, included, among other things, copies of three notices of claim. Defendant then responded, asserting the same procedural issues described in its affirmation in opposition, which plaintiffs then also replied to, asserting the same information included in their prior papers.
Thereafter, Supreme Court, despite concluding that plaintiffs were entitled to a default judgment based on defendant's lack of a timely answer, reserved decision on plaintiffs' motion and ordered an evidentiary hearing to resolve "factual disputes about service and filing a notice of claim." After the hearing, at which plaintiff Brian J. Kegelman testified, Supreme Court denied plaintiffs' motion stating that defendant presented "several jurisdictional issues which would make a default judgment inappropriate under the circumstances." The court then allowed defendant the opportunity to serve a late answer. Plaintiffs appeal.
We discern no error in Supreme Court's denial of plaintiffs' motion for a default judgment. Default judgments are governed by CPLR 3215, which provides that, for a default judgment to be granted, the movant must, among other things, establish proper service (see CPLR 3215 [f]). Here, the record reveals that plaintiffs twice served the summons and complaint, on July 10, 2019 and July 16, 2019. However, it appears from the record and from the New York State Courts Electronic Filing System that the summons and complaint was not filed until July 19, 2019, and there does not appear to have been service of the summons and complaint on defendant after that date. Thus, as Supreme Court properly indicated, there are "several jurisdictional issues" because it is unclear whether the summons and complaint were served on defendant after commencement of the action (see CPLR 304, 306-b). As such, Supreme Court did not abuse its discretion in declining to grant plaintiffs' motion for a default judgment.
Likewise, we do not find that Supreme Court erred in granting defendant an extension of time to answer. A "court may extend the time to appear . . . upon a showing of reasonable excuse for delay" (see CPLR 3012 [d]). The decision of whether to grant an extension of time is "committed to Supreme Court's sound discretion [*2]following due consideration of, among other things, the length of the delay, whether such delay was willful and whether the opposing party suffered prejudice as a result" (Strumpf v Massachusetts Mut. Life Ins. Co., 125 AD3d 1239, 1240 [2015]; accord Bank of N.Y. Mellon v Jinks, 127 AD3d 1367, 1368 [2015]). Moreover, the First, Second and Fourth Departments consider whether a defendant has set forth a meritorious defense (see e.g. Emigrant Bank v Rosabianca, 156 AD3d 468, 472-273 [1st Dept 2017]; Deutsche Bank Natl. Trust Co. v Kuldip, 136 AD3d 969, 969 [2d Dept 2016]; Gribbins v Rushford Lake Recreation Dist. [RLRD], 96 AD3d 1369, 1370 [4th Dept 2012], and, to the extent that this Court has had a different view (see e.g. Snyder v Singh, 146 AD3d 1141, 1142 [2017]; but see Gerster's Triple E. Towing & Repair, Inc. v Pishon Trucking, LLC, 196 AD3d 876, 877 [2021]; see also David D. Siegel & Patrick M. Connors, NY Prac § 231 [6th ed 2021]), we now too adopt this factor as part of the "sui generis determination to be made by the court based on all relevant factors" (Puchner v Nastke, 91 AD3d 1261, 1262 [2012] [internal quotation marks and citations omitted]).
It is clear from the record that the primary reason defendant did not answer was due to confusion, especially given that it was served with multiple summonses and complaints, as well as the multiple notices of claim.[FN3] Under these circumstances, we find this confusion to be a reasonable excuse (see generally Asterino v Asterino & Assoc., 275 AD2d 517, 520 [2000]; Wilcox v U-Haul Co., 256 AD2d 973, 974 [1998]). Further, although the delay was lengthy, there was nothing at the evidentiary hearing to suggest that defendant was prolonging the litigation deliberately by delaying in filing an answer. Moreover, at oral argument, plaintiffs conceded that they were not prejudiced by the delay. Accordingly, upon due consideration of these factors, as well as the potentially meritorious defenses proffered by defendant in its opposition to plaintiffs' motion, we find that Supreme Court did not abuse its discretion in granting defendant an extension of time to answer. We have examined plaintiffs' remaining contentions and find them to be without merit.
Garry, P.J., Egan Jr., Lynch and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Plaintiffs, at that time, had a pending CPLR article 78 proceeding in Supreme Court seeking, among other things, a preliminary injunction against defendant. That proceeding was dismissed on the merits on August 1, 2019.

Footnote 2: Defendant also included a copy of the August 2019 decision dismissing the prior CPLR article 78 proceeding.

Footnote 3: We also note that the allegations in the complaint are similar to those in the CPLR article 78 proceeding that was being determined on the merits at the time this action was commenced.