Wells Fargo Bank, N.A. v Welch (2024 NY Slip Op 00102)

Wells Fargo Bank, N.A. v Welch

2024 NY Slip Op 00102

Decided on January 11, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 11, 2024

535925
[*1]Wells Fargo Bank, National Association, as Trustee, Appellant,
v
Warrick J. Welch et al., Respondents, et al., Defendants.

Calendar Date:November 13, 2023

Before:Lynch, J.P., Clark, Ceresia, Fisher and Mackey, JJ.

Greenberg Traurig, LLP, Garden City (Ryan Sirianni of counsel), for appellant.
Binakis Law, PC, Astoria (Patrick Binakis of counsel), for respondents.

Clark, J.
Appeal from an order of the Supreme Court (Julian D. Schreibman, J.), entered July 13, 2022 in Ulster County, which, among other things, granted a cross-motion by defendants Warrick J. Welch and Dawn A. Welch for summary judgment dismissing the complaint against them.
In 2006, defendants Warrick J. Welch and Dawn A. Welch (hereinafter collectively referred to as defendants) executed a promissory note, which was secured by a mortgage on their home located in the Town of Saugerties, Ulster County. Defendants defaulted on the mortgage and OneWest Bank, FSB, as the holder of the note at that time, accelerated the balance of the mortgage by commencing an action for foreclosure in August 2009 (hereinafter the first action). In March 2010, OneWest was granted a judgment of foreclosure and sale. However, defendants filed a petition for bankruptcy pursuant to chapter 7 of the Bankruptcy Code in August 2010. In May 2011, after defendants had received an order of discharge from Bankruptcy Court, they learned that a foreclosure sale of the home was scheduled for July 2011. Days before the scheduled sale, defendants moved by order to show cause seeking, among other things, a preliminary injunction enjoining OneWest from selling the home, which temporary relief Supreme Court (Work, J.) granted. Defendants' motion was decided in February 2012, when Supreme Court (Zwack, J.) vacated the judgment of foreclosure and sale and ordered the parties to engage in a mandatory settlement conference pursuant to CPLR 3408. Then, in December 2017, OneWest moved to voluntarily discontinue the first action, and the discontinuance was granted on January 17, 2018.
Plaintiff, OneWest's successor in interest, commenced the instant foreclosure action in April 2021, and defendants joined issue. Thereafter, plaintiff moved for summary judgment and defendants cross-moved for summary judgment dismissing the complaint as time-barred. Supreme Court (Schreibman, J.) found that OneWest's voluntary discontinuance of the first action did not de-accelerate the debt prior to the expiration of the six-year statute of limitations. Consequently, the court held that the complaint was time-barred, denied plaintiff's motion, granted defendants' cross-motion and dismissed the complaint. Plaintiff appeals.
Although this appeal involves a summary judgment motion, because the parties agree that the pertinent facts are not in dispute, this case presents a question of law — namely, whether plaintiff's foreclosure action is time-barred (see CitiMortgage, Inc. v Ramirez, 192 AD3d 70, 72-73 [3d Dept 2020]; cf. e.g. Please Me, LLC v State of New York, 215 AD3d 1149, 1151-1152 [3d Dept 2023]; Mills v Chauvin, 103 AD3d 1041, 1045 [3d Dept 2013]). Generally, an action for foreclosure is subject to a six-year statute of limitations which begins to accrue upon each unpaid installment; however, where the noteholder accelerates the debt through the commencement of a foreclosure action, the entire debt becomes due [*2]and the statute of limitations begins to run on the entire balance of the mortgage (see CPLR 213 [4]; GMAT Legal Tit. Trust 2014-1, US Bank N.A. v Wood, 192 AD3d 1285, 1286 [3d Dept 2021]; U.S. Bank N.A. v Catalfamo, 189 AD3d 1786, 1787 [3d Dept 2020]). Pursuant to the law in effect at the time, a plaintiff's voluntary discontinuance of a foreclosure action within the statute of limitations constituted an affirmative act revoking the acceleration of the debt as a matter of law, absent an express, contemporaneous and contrary statement by the noteholder (see U.S. Bank N.A. v Creative Encounters LLC, 194 AD3d 1135, 1136-1137 [3d Dept 2021]; but see CPLR 3217 [e], as added by L 2022, ch 821, § 8). In determining whether an action is time-barred, "[w]here the commencement of an action has been stayed by a court or by statutory prohibition, the duration of the stay" is excluded from the statute of limitations calculation (CPLR 204 [a]).
Through their respective motions for summary judgment, the parties rely on the same documentary evidence and agree that the commencement of the first action on August 6, 2009 accelerated the debt, causing the statute of limitations to begin running on the entire mortgage on that date (see HSBC Bank, USA, N.A. v Bresler, 212 AD3d 1, 4 [3d Dept 2022]; U.S. Bank N.A. v Creative Encounters LLC, 194 AD3d at 1137). OneWest moved to voluntarily discontinue the first action on December 17, 2017, more than six years after commencing it, but plaintiff contends that, due to three separate stay periods, the statute of limitations was tolled beyond that filing date. The parties agree as to the first of these stays, specifically, that defendants' bankruptcy proceeding tolled the statute of limitations from August 9, 2010 until May 27, 2011, and such period is excluded from the statute of limitations calculation (see CPLR 204 [a]; 11 USC § 362 [a]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 257 [2019]; Deutsche Bank Natl. Trust Co. v DeGiorgio, 171 AD3d 1267, 1268 [3d Dept 2019]). As to the second, plaintiff argues that the July 13, 2011 order to show cause stayed the proceedings, causing the statute of limitations to be tolled until defendants' motion was decided on February 6, 2012. However, the July 2011 order merely enjoined OneWest from enforcing the judgment and did not, as plaintiff asserts, stay "the commencement of an action"; consequently, the statute of limitations was not tolled during this period (CPLR 204 [a]; compare Lubonty v U.S. Bank N.A., 34 NY3d at 256-257). Third, plaintiff contends that the February 6, 2012 order scheduling the case for a mandatory settlement conference pursuant to CPLR 3408 stayed the first action and that, because the case remained in the settlement part until OneWest moved to discontinue, the statute of limitations was tolled for that entire period. We disagree, as CPLR 3408 includes no statutory provision preventing the commencement or discontinuation of an action (see CPLR 204 [a]; compare Lubonty [*3]v U.S. Bank N.A., 34 NY3d at 256-257).[FN1]
Having determined that neither the July 2011 order nor the February 2012 order stayed these proceedings, we agree with Supreme Court that the instant action was time-barred. Here, the six-year statute of limitations began running on the entire mortgage on August 6, 2009. Tolling the statute of limitations for the duration of the bankruptcy proceedings — nine months and 18 days — the statute of limitations expired on May 24, 2016. Because OneWest's attempt to de-accelerate the mortgage did not occur until December 2017, long after the statute of limitations expired, Supreme Court properly dismissed the instant action as time-barred (see Lavin v Elmakiss, 302 AD2d 638, 639 [3d Dept 2003], lv dismissed 100 NY2d 577 [2003], lv denied 2 NY3d 703 [2004]; compare Deutsch Bank Natl. Trust Co. v Goldwasser, 199 AD3d 1281, 1282 [3d Dept 2021]; U.S. Bank N.A. v Creative Encounters LLC, 194 AD3d at 1137).[FN2]
We have examined plaintiff's remaining contentions and, to the extent not expressly addressed herein, find them to lack merit.
Lynch, J.P., Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: To the extent that plaintiff interprets CPLR 3408 (n) — which states that motions "shall be held in abeyance while the settlement conference process is ongoing" — as providing such statutory prohibition, we note that this subsection did not become effective until December 20, 2016 (L 2016, ch 73, part Q, § 2).

Footnote 2: Pursuant to the recently-enacted Foreclosure Abuse Prevention Act (L 2022, ch 821), "the voluntary discontinuance of [a foreclosure] action, whether on motion, order, stipulation or by notice, shall not, in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim, unless expressly prescribed by statute" (CPLR 3217 [e]; accord GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 917 [2d Dept 2023]). In light of our determination that the statute of limitations expired long before OneWest moved to voluntarily discontinue the first action, we need not consider whether CPLR 3217 (e) would apply retroactively to nullify OneWest's attempt to de-accelerate the mortgage and reset the statute of limitations. Therefore, we decline to address plaintiff's constitutional challenges to that Act.