Deutsche Bank Natl. Trust Co. v Deluca (2024 NY Slip Op 01132)

Deutsche Bank Natl. Trust Co. v Deluca

2024 NY Slip Op 01132

Decided on February 29, 2024

Appellate Division, Third Department

Egan Jr., J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 29, 2024

534805

[*1]Deutsche Bank National Trust Company, as Trustee, Appellant,
v
Michael Deluca, Respondent, et al., Defendants.

Calendar Date:January 16, 2024

Before: Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and McShan, JJ.

Hinshaw & Culbertson LLP, New York City (Schuyler B. Kraus of counsel), for appellant.
Legal Aid Society of Mid-New York, Inc., Utica (Cindy Domingue-Hendrickson of counsel), for respondent.
Letitia James, Attorney General, New York City (Mark S. Grube of counsel), in her statutory capacity under Executive Law § 71.

Egan Jr., J.
Appeal from an order of the Supreme Court (Brian D. Burns, J.), entered December 15, 2021 in Otsego County, which, among other things, granted defendant Michael Deluca's cross-motion for leave to file a late answer.
In 2004, defendant Michael Deluca (hereinafter defendant) executed a promissory note in the amount of $67,150, which was secured by a mortgage on real property located in the Town of Pittsfield, Otsego County. Defendant defaulted on his loan obligations in 2009, after which the mortgage was assigned to plaintiff in 2010. Plaintiff thereafter accelerated the mortgage by commencing a foreclosure action on March 17, 2011 (hereinafter the first action). The record suggests that defendant appeared in the first action, but elected not to serve an answer. The case was removed from the settlement calendar in July 2013, and an order of reference was granted in October 2014. In June 2015, after 10 months of inactivity, Supreme Court (Coccoma, J.) directed plaintiff to move for a judgment of foreclosure and sale no later than July 31, 2015. Plaintiff failed to comply with that deadline and, in September 2015, Supreme Court issued an order dismissing the first action as a result. In an order entered on April 21, 2016, Supreme Court denied plaintiff's subsequent motion to, among other things, vacate the order of dismissal and restore the matter to the calendar. Plaintiff took an appeal from the April 2016 order in October 2019, a delay which it asserted was appropriate because the order was not served upon it with notice of entry so as to commence the running of its time to take an appeal (see CPLR 5513). Plaintiff failed to timely perfect that appeal and, in July 2020, moved for an extension of time in which to do so. This Court denied the extension motion on September 11, 2020 (see 2020 NY Slip Op 71767[U] [3d Dept 2020]). As the time in which to perfect the appeal had already expired on July 15, 2020, the appeal was deemed dismissed without further order (see 22 NYCRR 1250.10 [a]).[FN1]
Rather than attempt to vacate the dismissal of the appeal, plaintiff commenced the present foreclosure action in October 2020. Defendant was personally served on November 18, 2020 and, several months after his time to appear had expired, plaintiff moved for a default judgment and other relief in July 2021. Defendant responded in October 2021 by cross-moving for a variety of relief, including, as is relevant here, permission to serve a late answer asserting a statute of limitations defense and an RPAPL article 15 counterclaim, dismissal of the complaint as time-barred, and the cancellation and discharge of the mortgage pursuant to RPAPL 1501 (4). Supreme Court (Burns, J.) granted defendant's cross-motion to the extent of permitting defendant to serve a late answer, dismissing the complaint as time-barred and cancelling and discharging the mortgage. Plaintiff appeals.
We affirm. Supreme Court is vested with discretion to "grant an extension of time to serve an answer [*2]'upon such terms as may be just and upon a showing of reasonable excuse for delay or default' " (333 Cherry LLC v Northern Resorts, Inc., 66 AD3d 1176, 1177 [3d Dept 2009], quoting CPLR 3012 [d]; see HSBC Bank USA, N.A. v Rothbeind, 212 AD3d 912, 914 [3d Dept 2023]; Kegelman v Town of Otsego, 203 AD3d 82, 84-85 [3d Dept 2021], lv dismissed 38 NY3d 1124 [2022]). The reasonableness of the proffered excuse depends upon "various factors, including the extent of the delay, the prejudice to the opposing party, whether there has been any willfulness and whether . . . the untimely answer sets forth a meritorious defense" (Walker v GlaxoSmithKline, LLC, 201 AD3d 1272, 1273-1274 [3d Dept 2022]; see SNL Leaseholder LLC v Oakdale Rd. Holdings LLC, 210 AD3d 1355, 1356 [3d Dept 2022]; Kegelman v Town of Otsego, 203 AD3d at 84-85).
Here, defendant did not seek leave to serve a late answer until approximately 10 months after the expiration of his time to serve an answer, but there is no indication that the failure to serve an answer was willful. Defense counsel instead attributed the delay to defendant's unsuccessful pro se negotiations with plaintiff — of which little detail was given, but which plaintiff also notably failed to deny had occurred — after which defendant promptly sought legal assistance upon receiving plaintiff's motion for a default judgment (compare Bank of N.Y. v Richards, 192 AD3d 1228, 1229-1230 [3d Dept 2021], and Federal Natl. Mtge. Assn. v Sajdak, 192 AD3d 764, 765 [2d Dept 2021], lv dismissed 37 NY3d 1087 [2021], with General Elec. Tech. Servs. Co. v Perez, 156 AD2d 781, 783-784 [3d Dept 1989]). Plaintiff further offered no explanation as to how it would be prejudiced by allowing defendant to serve a late answer.
"As to whether defendant demonstrated a meritorious defense, a defendant needs only to make a prima facie showing of legal merit" (Bank of N.Y. v Richards, 192 AD3d at 1230 [internal quotation marks, brackets and citations omitted]).[FN2] In that regard, "an action for foreclosure is subject to a six-year statute of limitations which begins to accrue upon each unpaid installment; however, where the noteholder accelerates the debt through the commencement of a foreclosure action, the entire debt becomes due and the statute of limitations begins to run on the entire balance of the mortgage" (Wells Fargo Bank, N.A. v Welch, 223 AD3d 993, ___, 2024 NY Slip Op 00102, *1 [3d Dept 2024]; see CPLR 213 [4]; Everhome Mtge. Co. v Aber, 39 NY3d 949, 950 [2022]; Freedom Mtge. Corp. v Engel, 37 NY3d 1, 22 [2021]). Plaintiff accelerated the debt, thereby causing the statute of limitations to begin to run on the entire debt, by commencing the first action on March 17, 2011. Defendant further articulated how plaintiff failed to voluntarily discontinue that action or otherwise "revoke [its] election to accelerate . . . by an affirmative act . . . within six years of the election to accelerate," and argued that this action, commenced over nine years [*3]after the commencement of the first action, was therefore untimely (Freedom Mtge. Corp. v Engel, 37 NY3d at 28-29 [internal quotation marks and citation omitted]). Defendant accordingly set forth a facially viable statute of limitations defense and, in view "of the strong public policy that actions be resolved on their merits, . . . defendant's lack of willfulness, and the absence of prejudice to . . . plaintiff resulting from the" delay, Supreme Court did not abuse its discretion in granting that part of the cross-motion seeking leave to serve a late answer (Wilmington Trust, N.A. v Pape, 192 AD3d 947, 949 [2d Dept 2021]; see Pennymac Corp. v Shelby, 190 AD3d 759, 761 [2d Dept 2021]).
Turning to whether defendant was entitled to dismissal of the complaint on statute of limitations grounds, because plaintiff accelerated the debt when it commenced the first action in March 2011 and took no action to decelerate, the statute of limitations expired in March 2017, well before the October 2020 commencement of this action. Plaintiff did not dispute such in its papers opposing the cross-motion, but nevertheless argued that it could properly commence this action within six months of the dismissal of its appeal from the 2016 order. In that regard, "[u]nder both CPLR 205 (a) and the newly enacted CPLR 205-a" — a provision supplanting CPLR 205 (a) in the mortgage foreclosure context that was enacted, purportedly with retroactive effect, as part of the Foreclosure Abuse Prevention Act (see L 2022, ch 821, §§ 5, 6) in 2022 — "when a timely-commenced action has been dismissed on grounds other than voluntary discontinuance, lack of personal jurisdiction, neglect to prosecute, or a final judgment on the merits, the plaintiff may commence a new action within six months after the termination of the prior action" (Deutsche Bank Natl. Trust Co. v Booker, 221 AD3d 579, 582 [2d Dept 2023] [emphasis added]). The first action was dismissed as a result of plaintiff's neglect to prosecute and, indeed, Supreme Court (Coccoma, J.) described in its 2016 order "the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding," as required by CPLR 205 (a).[FN3] The court observed that the first action was dismissed after plaintiff "did absolutely nothing for over two years" — specifically citing not only plaintiff's failure to prosecute the case after it was removed from the settlement calendar in 2013, but also its noncompliance with the court's direction to move for a judgment of foreclosure and sale by July 31, 2015 — and that such rose above simple law office failure to reflect "abandonment, as well as disobedience" (see Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.], 5 NY3d 514, 518 [2005]; U.S. Bank N.A. v Fox, 216 AD3d 445, 446 [1st Dept 2023]; Marrero v Crystal Nails, 114 AD3d 101, 109 [2d Dept 2013]; Zulic v Persich, 106 AD3d 904, 905 [2d Dept 2013], lv denied [*4]22 NY3d 860 [2014]; Santiago v City of New York, 77 AD3d 561, 561 [1st Dept 2010]; compare U.S. Bank N.A. v Jalas, 195 AD3d 1122, 1124-1125 [3d Dept 2021]). As the first action was dismissed for neglect to prosecute, neither CPLR 205 (a) nor CPLR 205-a afforded plaintiff a six-month grace period in which to commence this action following the termination of that action upon dismissal of plaintiff's appeal from the 2016 order (see e.g. U.S. Bank N.A. v Armand, 220 AD3d 963, 966 [2d Dept 2023]; Marrero v Crystal Nails, 114 AD3d at 113).[FN4] Supreme Court (Burns, J.), as a result, properly dismissed this action as time-barred.
Finally, RPAPL 1501 (4) provides that "a person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge of record that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired" (U.S. Bank N.A. v Bhimsen, 206 AD3d 846, 848 [2d Dept 2022]; see Caprotti v Deutsche Bank Natl. Trust Co., 220 AD3d 1126, 1127 [3d Dept 2023]). Suffice it to say, we perceive no error in Supreme Court either permitting defendant to serve a late answer with a counterclaim based upon that provision or granting it after defendant established that this action was time-barred. Plaintiff's remaining arguments have been examined and are lacking in merit.
Garry, P.J., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The time to perfect that appeal would have ordinarily expired in April 2020, but was extended to July 15, 2020 due to the COVID-19 pandemic.

Footnote 2: Plaintiff suggests that defendant waived his right to assert the statute of limitations as an affirmative defense because he failed to either answer or move to dismiss on that ground in a timely manner. CPLR 3211 (e) only requires, however, that such a defense be raised in a "motion [to dismiss] or in the responsive pleading." If a court grants a tardy defendant leave to serve a late answer, in other words, the fact that the answer is late does not, by itself, prevent a statute of limitations defense from being asserted in it (see Capital One N.A. v Ezkor, 209 AD3d 823, 825 [2d Dept 2022]; see also Endicott Johnson Corp. v Konik Indus., 249 AD2d 744, 744 [3d Dept 1998]).

Footnote 3: CPLR 205 (a) only requires that this conduct be set forth "on the record" by the court, which, contrary to plaintiff's apparent belief, it was in the 2016 order denying the motion to vacate the 2015 order which dismissed the first action. The requirement of a justification on the record is omitted from CPLR 205-a (see e.g. U.S. Bank N.A. v Fox, 216 AD3d 445, 446 [1st Dept 2023]).

Footnote 4: In light of our determination that plaintiff was not entitled to the six-month grace period under either CPLR 205 (a) or CPLR 205-a, we need not, and do not, address the parties' arguments regarding the retroactive application of CPLR 205-a and the constitutionality of such an application (see e.g. Wells Fargo Bank, N.A. v Welch, 2024 NY Slip Op 00102, at *2 n 2; Deutsche Bank Natl. Tr. Co. v Booker, 221 AD3d at 582).