Wells Fargo Bank, N.A. v Oppitz (2020 NY Slip Op 02221)





Wells Fargo Bank, N.A. v Oppitz


2020 NY Slip Op 02221


Decided on April 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 9, 2020

528139

[*1]Wells Fargo Bank, N.A., Respondent,
v
Randall Oppitz, Also Known as Randall M. Oppitz, Appellant, et al., Defendants.

Calendar Date: February 13, 2020

Before: Garry, P.J., Lynch, Mulvey, Aarons and Reynolds Fitzgerald, JJ.


Randall Oppitz, Warrensburg, appellant pro se.
Reed Smith, LLP, New York City (James Faller of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeals from two orders of the Supreme Court (Caruso, J.), entered April 11, 2018 in Warren County, which, among other things, denied a cross motion by defendant Randall Oppitz to vacate a judgment of foreclosure and sale and granted plaintiff's motion for an extension of time to sell the subject premises.
In September 2014, plaintiff commenced this mortgage foreclosure action against, among others, defendant Randall Oppitz (hereinafter defendant). Plaintiff moved for summary judgment, which defendant did not oppose. In February 2017, Supreme Court awarded plaintiff summary judgment, striking defendant's answer. A judgment of foreclosure and sale was entered in June 2017, which included a provision to sell the premises within 180 days. In October 2017, defendant filed for chapter 13 bankruptcy; said case was dismissed in December 2017. Thereafter, plaintiff moved to extend the time to sell the property. Defendant opposed the motion and cross-moved, pursuant to CPLR 5015 (a) (3), to vacate the judgment of foreclosure and sale and for summary judgment. Supreme Court denied defendant's cross motion and granted plaintiff's motion. Defendant appeals.
As the party seeking to vacate a default judgment, defendant had the burden of demonstrating a reasonable excuse for his default and a meritorious defense to the action (see Washington Mut. Bank v Fisette, 66 AD3d 1287, 1287 [2009]). Although defendant alleges various defenses to the action, most notably intrinsic fraud, he failed to produce any excuse for his default. As such, Supreme Court properly denied his cross motion to vacate the judgment of foreclosure and sale, regardless of whether he asserted a possible meritorious defense to the action (see OneWest Bank, FSB v Galloway, 148 AD3d 818, 819 [2017]). "The absence of a reasonable excuse for the default renders it unnecessary to determine whether the [defendant] demonstrated the existence of a potentially meritorious defense" (Citimortgage, Inc. v Bustamante, 107 AD3d 752, 753 [2013] [citation omitted]; see Wells Fargo Bank, N.A. v Cervini, 84 AD3d 789, 790 [2011]).
Supreme Court also correctly granted plaintiff's motion to extend the time to sell the property. Although, in opposing said motion, defendant argued both that he did not sign the note and did not intend to sign the note, the fact remains that, in his answer to the complaint, he admitted to signing the note. "'Facts admitted in a party's pleadings constitute formal judicial admissions, and are conclusive of the facts admitted in the action in which they are made'" (Kimso Apts., LLC v Gandhi, 24 NY3d 403, 412 [2014], quoting GMS Batching, Inc. v TADCO Constr. Corp., 120 AD3d 549, 551 [2014]). Moreover, this is a defense to the action that should have been raised in opposition to plaintiff's motion for summary judgment. "Ordinarily, a judgment or order entered on a motion for summary judgment constitutes a disposition on the merits and will be entitled to preclusive effect" (Gesegnet v Hyman, 285 AD2d 719, 721 [2001] [citations omitted]; see Bardi v Warren County Sheriff's Dept., 260 AD2d 763, 765 [1999]). We find defendant's argument unpersuasive, and he is barred from relitigating this issue.
Garry, P.J., Lynch, Mulvey and Aarons, JJ., concur.
ORDERED that the orders are affirmed, without costs.