Matter of Kelly v Hinkley (2020 NY Slip Op 05100)





Matter of Kelly v Hinkley


2020 NY Slip Op 05100


Decided on September 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 24, 2020

529141

[*1]James Kelly et al., Respondents,
v
Andrew Hinkley, Appellant.

Calendar Date: August 19, 2020

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Pritzker, JJ.


Lippes Mathias Wexler Friedman, LLP, Albany (Conor E. Brownell of counsel), for appellant.
Moskvina Law PLLC, New York City (Nastasha Moskvina of counsel), for respondents.



Mulvey, J.
Appeal from an order of the Supreme Court (Northrup Jr., J.), entered April 12, 2019 in Delaware County, which denied defendant's motion to vacate a default judgment.
In 2014, the parties entered into a lease agreement that required defendant to pay specified monthly rent to plaintiffs. On June 22, 2018, after defendant had stopped paying rent, he was served with a summons and complaint for, among other things, breach of contract. On July 10, 2018, the day before an answer was due, plaintiffs' counsel was contacted by an attorney who allegedly had recently been retained by defendant, and the parties agreed to an extension to file an answer. On July 19, 2018 — the new deadline for the answer — plaintiffs' counsel received a communication from a different attorney who was anticipating being retained by defendant. No additional extension was granted, and plaintiffs later confirmed that defendant did not retain that attorney. On July 23, 2018, plaintiffs sent defendant a letter advising that he was in default, that plaintiffs would not accept service of an answer and that any answer filed would be rejected as untimely. Defendant filed a pro se answer with the Delaware County Clerk's office on August 1, 2018, but he did not serve a copy on plaintiffs' counsel.
On September 26, 2018, plaintiffs moved for a default judgment, on notice to defendant. Plaintiffs' counsel submitted an affirmation confirming that, on September 13, 2018, notice was provided to defendant that plaintiffs would seek a default judgment against him (see CPLR 3215 [g] [3] [i]). Supreme Court granted the unopposed motion on November 5, 2018. On January 22, 2019, defendant moved, pro se, to vacate the default judgment. The court denied the motion. Defendant appeals.
Supreme Court did not abuse its discretion in denying defendant's motion to vacate the default judgment. "To prevail on a motion to vacate pursuant to CPLR 5015 (a) (1), a defendant must demonstrate both a reasonable excuse for [his or her] failure to timely answer and the existence of a potentially meritorious defense to the underlying causes of action" (McCue v Trifera, LLC, 173 AD3d 1416, 1417-1418 [2019] [internal quotation marks and citation omitted]; see Inwald Enters., LLC v Aloha Energy, 153 AD3d 1008, 1010 [2017]). "A motion to vacate a prior judgment or order is addressed to the court's sound discretion, subject to reversal only where there has been a clear abuse of that discretion" (Inwald Enters., LLC v Aloha Energy, 153 AD3d at 1010 [internal quotation marks and citations omitted]).
In his motion to vacate, defendant asserted that he failed to serve an answer because of his pro se status and because he had difficulty obtaining counsel. The record reveals that defendant was personally served with a summons and complaint on June 22, 2018 and that the summons explained that defendant must serve a copy of his answer on plaintiffs' attorney within 20 days. Defendant consulted with two separate attorneys, one of whom obtained an extension of time, but defendant failed to timely file or serve an answer. Defendant filed an answer a week after a letter from plaintiffs' counsel advised him that he was in default, that plaintiffs would not accept service of an answer and that any answer would be rejected as untimely. Defendant never served that answer, nor did he respond to plaintiffs' motion for a default judgment. Further, he waited 2½ months before moving to vacate the default judgment. Supreme Court did not abuse its discretion in concluding that defendant's purported inability to secure counsel and his unawareness of the procedural requirements due to his pro se status do not constitute reasonable excuses for his default (see U.S. Bank N.A. v Slavinsky, 78 AD3d 1167, 1167 [2010]; People v Scudds, 195 AD2d 778, 779 [1993]; compare Puchner v Nastke, 91 AD3d 1261, 1262 [2012]; Ahmad v Aniolowiski, 28 AD3d 692, 693 [2006]). As "[t]he absence of a reasonable excuse for the default renders it unnecessary to determine whether the defendant demonstrated the existence of a potentially meritorious defense," the court did not abuse its discretion in denying defendant's motion to vacate the default judgment (Wells Fargo Bank, N.A. v Oppitz, 182 AD3d 746, 746 [2020] [internal quotation marks, brackets and citations omitted]; see McCue v Trifera, LLC, 173 AD3d at 1419).
Egan Jr., J.P., Clark, Devine and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.