Bank of N.Y. v Richards (2021 NY Slip Op 01302)





 Bank of N.Y. v Richards


2021 NY Slip Op 01302


Decided on March 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 4, 2021

530864 530916

[*1]The Bank of New York, as Trustee, Now Known as the Bank of New York Mellon, Appellant,
v
Patrick Richards et al., Defendants, and Terri Richards, Respondent.

Calendar Date: January 7, 2021

Before: Garry, P.J., Egan Jr., Lynch, Clark and Reynolds Fitzgerald, JJ.


Shapiro, DiCaro & Barak, LLC, Rochester (Ellis M. Oster of counsel), for appellant.
Burgess & Associates PC, Clifton Park (Peter L. Burgess of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeals (1) from an order of the Supreme Court (Nolan Jr., J.), entered June 10, 2019 in Saratoga County, which granted defendant Terri Richards' motion to, among other things, vacate a default judgment, and (2) from an order of said court, entered October 30, 2019 in Saratoga County, which, among other things, granted defendant Terri Richards' cross motion to dismiss the complaint against her.
In 2007, defendant Patrick Richards (hereinafter Richards) executed a note for $92,500. As security for payment of the note, Richards and his wife, defendant Terri Richards (hereinafter defendant), executed a mortgage placing a lien against their jointly owned property. The note was subsequently assigned to plaintiff. In 2009, following Richards' alleged failure to remit payment pursuant to the note, plaintiff commenced a mortgage foreclosure action against, among others, both Richards and defendant. Pursuant to CPLR 3408, the parties participated in mandatory settlement negotiations. When no settlement occurred, the parties were released from the settlement process. In February 2013, Supreme Court (Chauvin, J.) ordered plaintiff to file a motion for an order of reference within 60 days, cautioning that failure to timely file the motion could result in the case being administratively closed as abandoned. Plaintiff did not comply, and the case was administratively closed and stricken from the court's calendar on April 17, 2013.
Richards died in April 2015. Defendant advised plaintiff of his death but was informed that a representative of plaintiff could not speak to her. In December 2018, plaintiff moved for an order restoring the action to the calendar, an order of reference and a default judgment. Upon receipt of the motion, defendant sought representation from various legal assistance programs and eventually obtained pro bono counsel. In February 2019, defendant's counsel filed a notice of appearance and learned that Supreme Court (Nolan Jr., J.) had granted plaintiff's December 2018 motion and entered a default judgment against defendant in January 2019. In March 2019, defendant moved to vacate the default judgment pursuant to CPLR 5015. Supreme Court granted defendant's motion in June 2019 and vacated the default judgment, finding the existence of a meritorious defense and a reasonable excuse for her failure to appear. The court then recalendared plaintiff's motion to restore the matter to the calendar, to which defendant cross-moved to dismiss the complaint against her pursuant to CPLR 3215 (c). In October 2019, Supreme Court denied plaintiff's motion and granted defendant's cross motion. Plaintiff appeals from the June 2019 and October 2019 orders.
Plaintiff contends that Supreme Court erred in vacating the default judgment. A party seeking to vacate a judgment or order based on default "must demonstrate a reasonable excuse for the default and the existence of a meritorious defense" (Inwald Enters., LLC v Aloha Energy, 153 AD3d [*2]1008, 1010 [2017] [internal quotation marks and citations omitted]). "The reasonableness of [the] proffered excuse must be assessed based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Luderowski v Sexton, 152 AD3d 918, 919-920 [2017] [internal quotation marks and citations omitted]). "A motion to vacate a prior judgment or order is addressed to the court's sound discretion, subject to reversal only where there has been a clear abuse of that discretion" (Hayes v Village of Middleburgh, 140 AD3d 1359, 1362 [2016] [internal quotation marks and citations omitted]).
Contrary to plaintiff's contentions, the record evinces that, despite encountering several obstacles, defendant diligently sought representation in order to respond to plaintiff's motion. Once she obtained same, said counsel immediately apprised himself of the situation and filed the motion to vacate the default judgment. There is no evidence that defendant acted in bad faith or willfully defaulted, that plaintiff was prejudiced by the delay or by having the matter determined on the merits (see Matter of Santander Consumer USA, Inc. v Kobi Auto Collision & Paint Ctr., Inc., 166 AD3d 1365, 1366 [2018]). Thus, we find that defendant has demonstrated a reasonable excuse for her default.
As to whether defendant demonstrated a meritorious defense, a defendant "need[s] only to make a prima facie showing of legal merit" (Luderowski v Sexton, 152 AD3d at 920 [internal quotation marks and citations omitted]). "[T]he quantum of proof needed to prevail on a CPLR 5015 (a) (1) motion is less than that required when opposing a summary judgment motion" (Abel v Estate of Collins, 73 AD3d 1423, 1425 [2010]). Defendant proffered that plaintiff failed to provide a reasonable excuse in waiting almost six years in seeking the default judgment and that the action was abandoned. As plaintiff was required to take proceedings for the entry of default judgment within one year of the default or face dismissal, we find that defendant demonstrated a meritorious defense (see CPLR 3215 [c]; Keyes v McLaughlin, 49 AD2d 974, 975 [1975]). As such, Supreme Court did not abuse its discretion in granting defendant's motion to vacate the default judgment.
Next, plaintiff asserts that Supreme Court erred in granting defendant's cross motion to dismiss the complaint pursuant to CPLR 3215 (c). That statute provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed" (CPLR 3215 [c]). To avoid dismissal, the plaintiff "must demonstrate a reasonable excuse for the delay and that the cause of action has merit" (Bank of Am., [*3]N.A. v Rahl, 178 AD3d 1293, 1294 [2019] [internal quotation marks and citations omitted]). Plaintiff attributes the delay to "some loss mitigation activity" and that, upon Richards' death, the action was stayed. Plaintiff's allegations of loss mitigation activities are conclusory and unsubstantiated. Generally, the death of a party stays the action until substitution of the personal representative (see Wells Fargo Bank, N.A. v Schubnel, 176 AD3d 1353, 1353 [2019]). However, Richards' death occurred in 2015, four years after the default and two years after the mandatory settlement conferences concluded. The stay caused by his death did not prevent plaintiff from seeking a default judgment within one year from the default (see HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 672 [2016]). Additionally, upon his death, the title to the property automatically transferred to defendant by operation of law as surviving tenant by the entirety (see V.R.W., Inc. v Klein, 68 NY2d 560, 564 [1986]; Schiller v Schiller, 80 AD2d 164, 165 [1981]). Since plaintiff elected not to seek a deficiency judgment against Richards, he was not a necessary party and the action was not stayed (see HSBC Bank USA v Ungar Family Realty Corp., 111 AD3d 673, 674 [2013]; Federal Natl. Mtge. Assn. v Connelly, 84 AD2d 805, 805 [1981]).[FN1] Plaintiff has not demonstrated a reasonable excuse for its delay. Since we find no reasonable excuse for the delay, it is unnecessary to determine whether plaintiff has demonstrated a meritorious cause of action (see Chase Home Fin., LLC v Desormeau, 152 AD3d 1033, 1035 [2017]; US Bank N.A. v Thurm, 140 AD3d 1578, 1579 [2016]).
Lastly, plaintiff asserts that defendant waived her right to seek dismissal of the action based on her appearances at the mandatory settlement conferences and by filing the notice of appearance. A defendant's appearance in an action will result in the waiver of his or her right to dismissal, including a dismissal based on the plaintiff's failure to timely seek a default under CPLR 3215 (c) (see De Lourdes Torres v Jones, 26 NY3d 742, 772 [2016]). However, participation in several mandatory foreclosure settlement conferences did not constitute a formal or informal appearance here, since defendant did not "actively litigate the action before the Supreme Court or participate in the action on the merits" (HSBC Bank USA, N.A. v Slone, 174 AD3d 866, 867 [2019]). As to the service of the notice of appearance by counsel, we note that this occurred after the default judgment was granted and, as such, does not operate as a waiver of defendant's right to vacate the default or to seek dismissal of the complaint. Based on the foregoing, Supreme Court properly granted defendant's cross motion to dismiss the complaint. Plaintiff's remaining contentions have been considered and are meritless.
Garry, P.J., Egan Jr., Lynch and Clark, JJ., concur.
ORDERED that the orders are affirmed, with costs.



Footnotes

Footnote 1: Further, even if substitution was necessary, this was not a legitimate excuse, as plaintiff could have moved to substitute decedent's estate as a party (see CPLR 1021; Bova v Vinciguerra, 139 AD2d 797, 799 [1988]).