Wilmington Sav. Fund Socy. FSB v Oppitz (2021 NY Slip Op 05898)





Wilmington Sav. Fund Socy. FSB v Oppitz


2021 NY Slip Op 05898


Decided on October 28, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 28, 2021

529570 529826
[*1]Wilmington Savings Fund Society FSB, Doing Business as Christina Trust, Respondent,
v
Randall Mack Oppitz, Also Known as Randall Oppitz, Appellant, et al., Defendants.

Calendar Date:September 15, 2021

Before:Garry, P.J., Egan Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ.

Randall Mack Oppitz, Thurman, appellant pro se.
Knuckles, Komosinski & Manfro, LLP, Elmsford (Max T. Saglimbeni of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeals (1) from a judgment of the Supreme Court (Muller, J), entered December 24, 2018 in Warren County, which, among other things, granted plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and (2) from an order of said court, entered June 26, 2019 in Warren County, which denied defendant Randall Mack Oppitz's motion to vacate.
In 2013, JPMorgan Chase Bank, N.A. commenced this mortgage foreclosure action against, among others, defendant Randall Mack Oppitz (hereinafter defendant) after he failed to make the requisite payments due under the note and mortgage. In June 2014, JPMorgan moved for an order of reference asserting that defendant failed to answer the complaint. Supreme Court granted the motion and appointed a referee to compute the amount due. In March 2015, defendant moved to vacate Supreme Court's order of reference and to accept his answer in the interest of justice. At the same time, JPMorgan assigned the note to Federal National Mortgage Association. In May 2016, Federal National Mortgage Association assigned the note and mortgage to plaintiff. In June 2016, Supreme Court granted defendant's motion to vacate and set aside the October 2014 order of reference and directed defendant to serve his belated answer within 30 days of the court's order. Defendant served his answer in June 2016.
In November 2016, plaintiff moved for summary judgment, an order of reference and to amend the caption to substitute it as plaintiff. Plaintiff also sought to strike defendant's answer. Supreme Court, by order entered in April 2017, granted plaintiff's motion and order of reference, struck defendant's answer from the record and substituted plaintiff in place of JPMorgan.[FN1] In April 2018, the referee executed a report of amount due. Plaintiff thereafter moved to confirm the referee's report, pursuant to RPAPL 1321, and further sought leave to enter a judgment of foreclosure and sale (see RPAPL 1351). Defendant opposed the motion and cross-moved to dismiss the complaint. By order entered December 2018, the court granted plaintiff's motion for a judgment of foreclosure and sale and denied defendant's cross motion in its entirety. Thereafter, by order to show cause, defendant moved to vacate said judgment. In June 2019, Supreme Court denied defendant's motion. Defendant appeals from the December 2018 and June 2019 orders.
Defendant's primary contention is that it was error for the referee to compute the amount due without holding a hearing at which he could be present and be heard. As such, he asserts that Supreme Court erred in issuing the order confirming the referee's report and in denying his motion to vacate.
The failure of the referee to hold a hearing is not fatal to Supreme Court's adoption of the referee's report, nor does it constitute a reason to vacate the judgment. CPLR 4313 requires a referee to notify the parties of the date and place for a hearing. However, "[h]earings may [*2]be performed . . . either on paper or by the taking of in-court evidence" (Mark C. Dillon, 2020 Practice Commentaries, McKinney's Cons Laws of NY, CPLR C4313 [internal quotation marks omitted]). Here, the court ordered the referee to ascertain and compute the amount due and make the report to the court with all convenient speed. Thereafter, plaintiff moved to confirm the report. Under these circumstances, "the [r]eferee's findings and recommendations are advisory only; they have no binding effect and the court remains the ultimate arbiter of the dispute. . . . CPLR 4403 expressly authorizes a court not only to reject the report but to make its own findings, to take or retake testimony or to order a new trial or hearing" (Shultis v Woodstock Land Dev. Assoc., 195 AD2d 677, 678 [1993] [internal citation omitted]). "[A]s long as a defendant is not prejudiced by the inability to submit evidence directly to the referee, a referee's failure to notify a defendant and hold a hearing is not, by itself, a basis to reverse a judgment of foreclosure and sale and remit the matter for a hearing and a new determination of amounts owed" (Bank of N.Y. Mellon v Viola, 181 AD3d 767, 770 [2020].
Here, defendant had an opportunity to challenge the referee's report by submitting evidence directly to Supreme Court. Although defendant submitted opposition to the motion, he "did not submit admissible proof to raise a factual issue regarding the computations and, instead," asserted that plaintiff did not timely seek to be substituted in the action (MTGLQ Invs., L.P. v Thompson, 188 AD3d 1483, 1484 [2020]). Accordingly, the referee did not err in summarily reaching her computations, and defendant was not prejudiced by any error in the failure of Supreme Court to hold a hearing (see Blueberry Invs. Co. v Ilana Realty, 184 AD2d 906, 908 [1992]; Bank of N.Y. Mellon v Viola, 181 AD3d at 770). As such, Supreme Court did not err in issuing the December 2018 order. Further, for the reasons stated above, defendant has failed to establish a proper ground for vacatur of the judgment (see HSBC Bank USA, N.A. v Frank, 175 AD3d 627, 628 [2019]; Marcon Affiliates, Inc. v Ventra, 112 AD3d 1095, 1095 [2013]).
Defendant's argument regarding the subsequent sale price of the property — an amount attained after the judgment of foreclosure and sale and the denial of the motion to vacate said judgment — is unrelated to the orders on appeal and is, therefore, not properly before this Court (see Matter of Bland v Gellman, Brydges & Schroff, 127 AD3d 1436, 1438 [2015], lv dismissed 26 NY3d 948 [2015]; Holmes v Maimonides Med. Ctr., 95 AD3d 831, 832 [2012]). Defendant's remaining contentions have been considered and are unavailing.
Garry, P.J., Egan Jr., Lynch and Aarons, JJ., concur.
ORDERED that the judgment and order are affirmed, without costs.



Footnotes

Footnote 1: Supreme Court further ordered defendant's answer would be deemed a notice of appearance entitling him to notice of all further proceedings.