Federal Natl. Mtge. Assn. v Banks (2021 NY Slip Op 05905)





Federal Natl. Mtge. Assn. v Banks


2021 NY Slip Op 05905


Decided on October 28, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 28, 2021

531597
[*1]Federal National Mortgage Association, Appellant,
v
William H. Banks, Individually and as Executor of the Estate of William Banks Jr., Deceased, et al., Respondents, et al., Defendants.

Calendar Date:September 9, 2021

Before:Lynch, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury (Joseph F. Battista of counsel), for appellant.
James M. Hartmann, Delhi, for respondents.



Colangelo, J.
Appeals (1) from a judgment of the Supreme Court (Northrup Jr., J.), entered August 2, 2019 in Delaware County, which, among other things, directed the Delaware County Clerk to cancel and discharge the subject mortgage, and (2) from an order of said court, entered May 18, 2020 in Delaware County, which, among other things, denied plaintiff's motion to vacate a prior order.
Plaintiff commenced this action in 2016 against defendant William H. Banks and defendant Michelle Dumond (hereinafter collectively referred to as defendants),[FN1] seeking to foreclose on property in Delaware County that Banks inherited upon his father's death. The complaint alleges that Banks defaulted under the terms of the note and mortgage executed by his father in 2008 with Carnegie Mortgage LLC and Mortgage Electronic Registration Systems, Inc., as nominee for Carnegie. The complaint further alleges, among other things, that the note and mortgage were assigned to plaintiff in September 2015.
In December 2016, after the action was commenced and issue was joined, Supreme Court issued a preliminary conference stipulation and order related to the scheduling and production of discovery, which required plaintiff to respond to defendants' discovery demands by January 27, 2017. Plaintiff failed to respond. In March 2017, defendants moved to dismiss the complaint or, in the alternative, preclude plaintiff from introducing evidence in support of the allegations contained in the complaint, based upon plaintiff's willful noncompliance. By order dated August 18, 2017, plaintiff was directed to comply with all outstanding discovery within 30 days from the service of the order upon plaintiff's counsel with notice of entry or be precluded from introducing evidence in support of the allegations contained in the complaint upon further application by defendants. No further disclosure was provided by plaintiff and, by decision and order dated December 11, 2017, plaintiff was precluded from introducing evidence related to disclosure requested in numbers 9, 10, 12 and 13 of defendants' combined disclosure demands. Defendants thereafter requested that plaintiff be ordered to provide proper responses to their outstanding discovery demands, along with related documentation. Supreme Court deemed the request to be an application to enforce the August 18, 2017 order, and issued a conditional order of preclusion on September 11, 2018, ordering plaintiff to produce documents responsive to numbers 1-8, 11 and 14-17 of defendants' combined disclosure demands within 14 days of service of the order or be precluded from introducing evidence in support of the allegations contained in the complaint on the ground that plaintiff "willfully failed and refused to comply" with the disclosure demands and the order of the court.
In December 2018, defendants moved for summary judgment dismissing the complaint. Plaintiff failed to oppose the motion and, by order dated June 7, 2019, Supreme Court granted the [*2]motion and dismissed the complaint with prejudice (hereinafter the summary judgment order). By judgment entered August 2, 2019, the court directed the Delaware County Clerk to cancel and discharge the mortgage and to cancel the notice of pendency. In December 2019, plaintiff moved to, among other things, vacate the summary judgment order and the preclusion orders and for an extension of time to complete discovery.[FN2] Defendants opposed the motion and cross-moved for sanctions. In May 2020, Supreme Court denied plaintiff's motion and defendants' cross motion. Plaintiff appeals.
Plaintiff contends that Supreme Court erred in failing to vacate the preclusion orders on the basis that law office failure, which led to entry of the orders, constitutes a reasonable excuse to vacate the orders, and that plaintiff submitted sufficient documentary evidence to demonstrate a meritorious cause of action. We disagree.
"To prevail on a motion to vacate pursuant to CPLR 5015 (a) (1), a [litigant] must demonstrate both a reasonable excuse for [his or her] failure to timely answer and the existence of a potentially meritorious defense to the underlying causes of action" (Kelly v Hinkley, 186 AD3d 1842, 1843 [2020] [internal quotation marks and citations omitted]; see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 80 [2010]; Hayes v Village of Middleburgh, 140 AD3d 1359, 1361-1362 [2016]). "A motion to vacate a prior judgment or order is addressed to the court's sound discretion, subject to reversal only where there has been a clear abuse of that discretion" (Inwald Enters., LLC v Aloha Energy, 153 AD3d 1008, 1010 [2017] [internal quotation marks and citations omitted]; accord Bank of N.Y. v Richards, 192 AD3d 1228, 1229 [2021). "[L]aw office failure should not be excused where a default results not from an isolated, inadvertent mistake, but from repeated neglect" (McCue v Trifera, LLC, 173 AD3d 1416, 1418-1419 [2019] [internal quotation marks and citation omitted]).
Plaintiff failed to comply with the December 2016 preliminary conference order directing the production of discovery, or any order issued thereafter, despite having been warned that failure to comply would result in preclusion and a finding of willful noncompliance and refusal to comply with court-ordered disclosure demands. Moreover, the discovery sought by defendants and ignored by plaintiff related to issues at the heart of the foreclosure action, including the authenticity of the note and mortgage and defendants' purported signatures on them. Plaintiff demonstrated a pattern of repeated neglect by failing to move to vacate the preclusion orders until January 2020, more than one year after the second preclusion order was issued, failing to proffer an excuse for failing to so move and continuing to retain the counsel whose inaction inevitably led to the dismissal of its complaint (see id.). We note that plaintiff was given permission to file a motion to extend the discovery response time and failed [*3]to make such motion or proffer an excuse for failing to so move. Counsel's failure to oppose defendants' motion for summary judgment cannot be viewed as separate from counsel's failure to produce documents in response to discovery demands and, as such, demonstrates a pattern of repeated neglect (see Chowdhury v Weldon, 185 AD3d 649, 680 [2020]; McCue v Trifera, LLC, 173 AD3d at 1418-1419). In light of our determination, we need not address plaintiff's contention that a meritorious cause of action exists (see Seaman v New York Univ., 175 AD3d 1578, 1580 [2019], lv dismissed 35 NY3d 1122 [2020].
With regard to plaintiff's final contention that all prior adverse orders should be vacated due to a conflict of interest between defendants and Supreme Court, it is well established that "this Court is limited to reviewing facts contained in the record and any arguments based thereon and we will therefore not consider arguments founded upon information outside the record" (Reed v New York State Elec. & Gas Corp., 183 AD3d 1207, 1209 [2020] [internal quotation marks and citation omitted]). The record contains no information regarding the nature of the conflict of interest or the timing of the recusal. As such, this claim is not properly before this Court.
Lynch, J.P., Aarons and Pritzker, JJ., concur; Reynolds Fitzgerald, J., not taking part.
ORDERED that the judgment and order are affirmed, with costs.



Footnotes

Footnote 1: According to the complaint, Dumond is a named defendant as a person occupying or having an interest in the mortgaged premises.

Footnote 2: Plaintiff filed an amended notice of motion in January 2020 seeking the same relief.