Carrington Mtge. Servs., LLC v Fiore (2022 NY Slip Op 03951)

Carrington Mtge. Servs., LLC v Fiore

2022 NY Slip Op 03951

Decided on June 16, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 16, 2022

526918 528142
[*1]Carrington Mortgage Services, LLC, Respondent,
v
Glenn Fiore, Also Known as Glenn T. Fiore, et al., Appellants, et al., Defendants.

Calendar Date:September 14, 2021

Before:Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Glenn Fiore, Warrensburg, appellant pro se.
Shapiro, DiCaro & Barak, LLC, Rochester (Virginia Grapensteter of counsel), for respondent.

Garry, P.J.
Appeal from an order and judgment of the Supreme Court (Muller, J.), entered September 25, 2018 in Warren County, which, among other things, granted plaintiff's motion for a judgment of foreclosure and sale.
The appeal in this foreclosure action was previously before us; in pertinent part, we withheld decision and remitted the matter to Supreme Court for a determination as to whether defendants Glenn Fiore and Junko Fiore (hereinafter defendants) would have been eligible for the assignment of counsel (198 AD3d 1106, 1108-1109 [2021]). Supreme Court has now determined that they were not, and defendants do not challenge that determination. We therefore proceed to the merits of their remaining claims.
In 2007, defendants executed a promissory note secured by a mortgage on real property located in Warren County. The note and mortgage were subsequently assigned to plaintiff. In April 2015, plaintiff commenced this foreclosure action based upon defendants' failure to make timely mortgage payments as of August 2014. A settlement conference was scheduled for June 2015, pursuant to CPLR 3408. Defendants did not answer the complaint, nor did they appear at the settlement conference. Plaintiff then filed an ex parte motion seeking a default judgment and order of reference. Nearly one year later, during the pendency of plaintiff's motion, defendants attempted to serve an answer, which plaintiff rejected as untimely. In July 2016, Supreme Court resumed a series of settlement conferences based upon defendants' representation that they had been misinformed about the date of the 2015 conference. The matter was ultimately released from conferencing in March 2017 when the court found that settlement was impracticable.
Defendants then moved to dismiss the complaint based upon, among other things, plaintiff's alleged lack of standing and, in the alternative, sought leave to file a late answer. In December 2017, Supreme Court denied defendants all requested relief, granted plaintiff a default judgment and issued an order of reference. Defendants thereafter sought to vacate the default judgment, without success. Plaintiff moved for a final judgment of foreclosure and sale, and defendants opposed, cross-moving again to vacate the default. In September 2018, Supreme Court denied defendants' cross motion and granted plaintiff a judgment of foreclosure and sale.
Whether viewed as a challenge to the denial of the motion for leave to file a late answer or the motion to vacate their default, or both, defendants were required to demonstrate a reasonable excuse for their delay or default (see CPLR 3012 [d]; 5015 [a] [1]; Kegelman v Town of Otsego, 203 AD3d 82, 84-85 [2021]; Bank of N.Y. v Richards, 192 AD3d 1228, 1229 [2021]; Christiana Bank & Trust Co. v Eichler, 94 AD3d 1170, 1171 [2012]). "A determination of reasonable excuse is left to the sound discretion of Supreme Court and will only be disturbed where there has been a clear abuse of that discretion[*2]" (U.S. Bank, N.A. v Clarkson, 187 AD3d 1376, 1377 [2020] [citations omitted]; see BAC Home Loans Servicing, LP v Funk, 154 AD3d 1244, 1246 [2017]; Strumpf v Massachusetts Mut. Life Ins. Co., 125 AD3d 1239, 1240 [2015]).
Defendants have asserted several excuses, including their alleged ignorance of their obligation to file an answer, their failed attempt to retain pro bono legal representation and the impact of a death in their family. Supreme Court rejected the first excuse because the complaint — which included the statutory language required for foreclosure complaints — clearly informed defendants of the requirement to answer (see OneWest Bank, FSB v Villafana, 187 AD3d 1201, 1202 [2020]; Wells Fargo Bank, NA v Besemer, 131 AD3d 1047, 1049 [2015]). The latter two excuses were not temporally relevant as they occurred either well before or well after the time to answer (see U.S. Bank N.A. v Crawford, 174 AD3d 762, 763 [2019]; compare Bank of N.Y. v Richards, 192 AD3d at 1229). Upon review, we find no basis to disturb Supreme Court's rulings as to either of defendants' motions.
Defendants further assert that their due process rights were violated by Supreme Court's confirmation of the ex parte order of reference within the judgment of foreclosure and sale. Initially, we note that participation in settlement conferences does not constitute an appearance for the purpose of the default analysis (see Bank of N.Y. v Richards, 192 AD3d at 1231). Accordingly, to the extent that defendants argue that it was improper for the proceedings regarding the order of reference to have been conducted ex parte, we find that Supreme Court properly permitted plaintiff to proceed with the order of reference ex parte due to their failure to answer or timely appear (see RPAPL 1321; Citibank, N.A. v Kerszko, 203 AD3d 42, 50 [2022]).
Defendants' next claim is that it was error for the referee to compute the amount due without giving defendants notice of the computation and without holding a hearing to that effect. "CPLR 4313 requires a referee to notify the parties of the date and place for a hearing. However, hearings may be performed either on paper or by the taking of in-court evidence" (Wilmington Sav. Fund Socy. FSB v Oppitz, 198 AD3d 1198, 1199 [2021] [internal quotation marks, brackets, ellipsis and citation omitted]). Generally, "'[a]s long as a defendant is not prejudiced by the inability to submit evidence directly to the referee, a referee's failure to notify a defendant and hold a hearing is not, by itself, a basis to reverse a judgment of foreclosure and sale and remit the matter for a hearing and a new determination of amounts owed'" (id. at 1200, quoting Bank of N.Y. Mellon v Viola, 181 AD3d 767, 770 [2020]). This is because "the referee's findings and recommendations are advisory only; they have no binding effect and the court remains the ultimate arbiter of the dispute [as] CPLR 4403 expressly authorizes a court not only to reject the report [*3]but to make its own findings, to take or retake testimony or to order a new trial or hearing" (Wilmington Sav. Fund Socy. FSB v Oppitz, 198 AD3d at 1200 [internal quotation marks, brackets, ellipsis and citations omitted]; compare Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 630 [2014], affd 25 NY3d 355 [2015]).
Here, defendants were provided with "an opportunity to challenge the referee's report by submitting evidence directly to Supreme Court" upon plaintiff's motion to confirm the referee's report — an opportunity of which they did not avail themselves (Wilmington Sav. Fund Socy. FSB v Oppitz, 198 AD3d at 1200; see MTGLQ Invs., L.P. v Thompson, 188 AD3d 1483, 1484 [2020]; compare Sears v First Pioneer Farm Credit, ACA, 46 AD3d 1282, 1286 [2007]). Further, the only evidence defendants attempted to submit at any point in time did not constitute "'admissible proof to raise a factual issue regarding the computations'" and instead merely reiterated legal arguments that had been repeatedly rejected (Wilmington Sav. Fund Socy. FSB v Oppitz, 198 AD3d at 1200; quoting MTGLQ Invs., L.P. v Thompson, 188 AD3d at 1484). In light of the failure to produce evidence that may have been admissible to contest the referee's computations, defendants failed to reveal error by Supreme Court in confirming the referee's report and awarding a judgment of foreclosure and sale on this ground (see Wilmington Sav. Fund Socy. FSB v Oppitz, 198 AD3d at 1200; Cenlar FSB v Glauber, 188 AD3d 1141, 1143-1144 [2020]; Bank of N.Y. Mellon v Viola, 181 AD3d at 770; Excel Capital Group Corp. v 225 Ross St. Realty, Inc., 165 AD3d 1233, 1236-1237 [2018]). Defendants' remaining contentions have been considered and are unavailing.
Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order and judgment is affirmed, without costs.