Bank of N.Y. v Wells (2023 NY Slip Op 06575)

 Bank of N.Y. v Wells

2023 NY Slip Op 06575

Decided on December 21, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 21, 2023

535993
[*1]The Bank of New York, as Trustee, Appellant,
v
Jeromy W. Wells et al., Respondents.

Calendar Date:November 21, 2023

Before:Garry, P.J., Lynch, Ceresia, Fisher and Powers, JJ.

Davidson Fink LLP, Rochester (Richard Franco of counsel), for appellant.
Maynard, O'Connor, Smith & Catalinotto, LLP, Albany (Christopher R. McGill of counsel), for respondents.

Fisher, J.
Appeal from an order of the Supreme Court (James P. Gilpatric, J.), entered July 29, 2022 in Ulster County, which, among other things, granted defendants' motion to dismiss the complaint.
In November 2006, defendants Jeromy W. Wells and Margaret A. Wells (hereinafter collectively referred to as defendants) executed a note to borrow a certain sum from America's Wholesale Lender, secured by a mortgage against their real property in Ulster County. In March 2008, plaintiff, which had acquired the note and the mortgage, commenced this foreclosure action alleging that defendants had failed to make payments due since October 2007 (hereinafter the first action). Defendants did not initially appear or join issue. Supreme Court (O'Connor, J.) granted plaintiff's motion for a default judgment and appointed a referee to compute in an ex parte order filed in March 2009. Thereafter, the matter was subject to a series of independent litigation holds and was subsequently reassigned to Supreme Court (Gilpatric, J.), who held a settlement conference in October 2015 where the parties appeared and expressed a desire to settle. Supreme Court issued a conference order that adjourned the matter to February 22, 2016, with no appearances necessary, and provided that the matter will proceed with the litigation process if the parties are unable to reach a settlement and "[p]laintiff's attorney has so notified the [c]ourt in writing." The order further noted that, if plaintiff's attorney failed to provide such written notice to the court, the matter would be marked off the calendar and dismissed one year from the adjourned date, pursuant to 22 NYCRR 202.27, without the necessity of an order.
On February 22, 2016, plaintiff's attorney sent written correspondence to Supreme Court advising that defendants were participating in loss mitigation and that a settlement conference would not be necessary "at this time."[FN1] Over the course of roughly the next two years, there were several periods of loss mitigation resulting in corresponding litigation holds. However, in May 2018, plaintiff contends that a "mutual mistake" was discovered during the loss mitigation process and, as a result, it commenced a second foreclosure action against defendants and several other entities that allegedly had previously asserted liens on the subject property (hereinafter the second action). Within the context of the second action, defendants joined issue and again participated in loss mitigation, resulting in additional litigation holds leading up to the moratorium hold placed on foreclosure matters as a result of the COVID-19 pandemic.
Following the expiration of such moratorium, defendants moved pursuant to CPLR 3211 for an order seeking, among other things, to dismiss the first action or to confirm that it had been previously dismissed by operation of the conference order issued in October 2015. Plaintiff opposed the motion, arguing that it had complied with the conference order, and further cross[*2]-moved to consolidate the two actions. Without addressing the propriety of plaintiff's February 22, 2016 correspondence that was annexed as an exhibit to the cross-motion, Supreme Court granted defendants' motion to dismiss the action due to plaintiff's failure to comply with the conference order, deeming the first action abandoned pursuant to 22 NYCRR 202.27. Supreme Court resultantly denied plaintiff's cross-motion to consolidate the actions. Plaintiff appeals.[FN2]
We reverse and remit. As an important calendar tool, we have repeatedly "held that a trial court is authorized to dismiss a case as abandoned under Rule 202.27 when the party fails to timely comply with a court's directive to progress the case" (Bank of N.Y. Mellon v Vaiana, 218 AD3d 1094, 1096 [3d Dept 2023]; see Wilmington Sav. Fund Socy., FSB v Bardini, 207 AD3d 898, 898-899 [3d Dept 2022]; Chase Home Fin., LLC v Desormeau, 152 AD3d 1033, 1034-1035 [3d Dept 2017]; US Bank N.A. v Thurm, 140 AD3d 1578, 1578-1579 [3d Dept 2016]). This includes where a party "fails to appear at any scheduled call of a calendar or at any conference" (OneWest Bank, F.S.B. v Mazzone, 186 AD3d 1815, 1816 [3d Dept 2020] [internal quotation marks and citations omitted], lv dismissed 36 NY3d 1087 [2021]; see US Bank N.A. v Thurm, 140 AD3d at 1579). Such decision to dismiss a case under these circumstances is committed "to the court's sound discretion, subject to reversal only where there has been a clear abuse of that discretion" (Wilmington Sav. Fund Socy., FSB v Bardini, 207 AD3d at 899 [internal quotation marks and citations omitted]).
Here, however, the record fails to demonstrate any such failure to comply or appear by plaintiff. It is undisputed that plaintiff's attorney sent timely written correspondence to Supreme Court advising that the matter had not settled because there was a pending loss mitigation application.[FN3] As such, the conference order's automatic directive marking the matter off the calendar in the event of plaintiff's failure to send such notice was not triggered. Nor does the record reveal, following plaintiff's correspondence, that Supreme Court set any further control date, calendar call or conference that plaintiff failed to appear at as scheduled. Therefore, 22 NYCRR 202.27 could not have served as the basis for the order dismissing the complaint (see Bank of N.Y. v Harper, 176 AD3d 907, 909 [2d Dept 2019]; compare Bank of N.Y. Mellon v Vaiana, 218 AD3d at 1096).
Furthermore, contrary to defendants' contentions, the record fails to indicate any other valid statutory basis warranting the dismissal of this action for a general delay (see Bank of N.Y. v Harper, 176 AD3d at 909; see generally CPLR 3216 [establishing a three-step approach to dismissing a matter for want of prosecution]; CPLR 3404 [governing dismissal of abandoned cases that have been marked off the calendar]). Considering that a default judgment had already been entered against defendants, the record also does not indicate [*3]any outstanding disclosure order that could have been violated and warranted dismissal of the action (see CPLR 3126). Accordingly, under these circumstances, we conclude that Supreme Court abused its discretion in granting defendants' motion to dismiss the complaint, and the complaint in the first action is reinstated against each respective defendant.
Lastly, Supreme Court denied plaintiff's cross-motion to consolidate the two actions. In light of our decision, this must also be reversed. However, the record before us indicates that, in the second action, there were ongoing loss mitigation efforts and a pending motion to dismiss during the underlying motion practice and/or this appeal. There is no indication as to the outcome of these matters and, as the parties were unable to provide this Court with the status of same, plaintiff's cross-motion is remitted to Supreme Court for further disposition. We have examined the parties' remaining contentions and have found them to be academic or without merit.
Garry, P.J., Lynch, Ceresia and Powers, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: Such correspondence also noted that there were several documents pending for defendants to review, sign and submit in order for plaintiff to complete its review of the loss mitigation application.

Footnote 2: We reject defendants' contention that this appeal should be dismissed because plaintiff failed to move to vacate the order of dismissal. As acknowledged by Supreme Court, there was no order of dismissal because the County Clerk had "inadvertently failed to dismiss the action as directed by the [conference order]." Moreover, the reasoning in Supreme Court's decision also indicates that the matter was dismissed for other grounds, including general delay and the commencement of the second action.

Footnote 3: To the extent that defendants argue that plaintiff's letter did not expressly state that the matter did not settle, given the inherent nature of a pending loss mitigation application, such contention is semantic and without merit.