Sheber v Ashley Homes LLC (2024 NY Slip Op 00962)

Sheber v Ashley Homes LLC

2024 NY Slip Op 00962

Decided on February 22, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 22, 2024

CV-23-0995
[*1]Michael Sheber, Respondent,
v
Ashley Homes LLC et al., Appellants.

Calendar Date:January 16, 2024

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and McShan, JJ.

David E. Woodin, Catskill, for appellants.
Whiteman Osterman & Hanna LLP, Albany (Jennifer Thomas Yetto of counsel), for respondent.

McShan, J.
Appeal from an order of the Supreme Court (Adam W. Silverman, J.), entered December 13, 2022 in Greene County, which, among other things, denied defendants' cross-motion to vacate their default.
In December 2020, plaintiff and defendant Ashley Homes Construction Company LLC contracted for defendants to install a modular home on plaintiff's property. According to plaintiff, certain deficiencies in the construction of the home were brought to defendants' attention and were ultimately unaddressed. Thereafter, plaintiff retained counsel and made a prelitigation demand to defendants by a letter on March 4, 2022, identifying various issues with the home and demanding that defendants reimburse him for the costs associated with remediating and repairing the property. Defendants responded to the letter, in essence denying that they were responsible for any deficiencies and asserting that they had fully performed under the contract. Plaintiff responded to this letter on April 11, 2022, advising defendants that he disagreed with their assessment, and that if they did not submit a counteroffer to plaintiff's request for damages within 10 days, plaintiff would commence litigation. Having received no response, plaintiff commenced this action by summons and complaint in June 2022, asserting causes of action for breach of contract, breach of warranty and breach of warranty of habitability, and served John Hommel, defendants' managing member, that same month. After the time to respond had passed, plaintiff moved for a default judgment in September 2022. In response, defendants cross-moved to vacate their default and for permission to interpose an answer. Supreme Court granted plaintiff's motion and denied defendants' cross-motion, determining that defendants had failed to demonstrate a reasonable excuse for their delay in appearing in the action. Defendants appeal.
We affirm. Initially, defendants contend that Supreme Court erred in the order in which it determined the relief sought on the parties' respective motions, arguing that the court was required to assess its cross-motion to interpose a late answer before determining plaintiff's motion for default. However, regardless of whether the court was addressing defendant's request to file a late answer or deciding whether to grant plaintiff's contested motion for default judgment, defendants were still required to demonstrate a reasonable excuse for their delay (see Pare v Pare, 222 AD3d 765, 765 [2d Dept 2023]; Carrington Mtge. Servs., LLC v Fiore, 206 AD3d 1306, 1307 [3d Dept 2022]; see Kegelman v Town of Otsego, 203 AD3d 82, 85 [3d Dept 2021], lv dismissed 38 NY3d 1124 [2022]). To this end, we find no error in Supreme Court's analysis, as it first determined the threshold issue of reasonable excuse in denying defendants' cross-motion. That determination "is addressed to the court's sound discretion, subject to reversal only where there has been a clear abuse of that discretion" (Matter of CCAP Auto Lease Ltd. [*2]v Savannah Car Care, Inc., 211 AD3d 1210, 1212-1213 [3d Dept 2022] [internal quotation marks and citations omitted]; see U.S. Bank, N.A. v Clarkson, 187 AD3d 1376, 1377 [3d Dept 2020]; Sharestates Inv., LLC v Hercules, 166 AD3d 700, 701 [2d Dept 2018]).
To this end, defendants advance various excuses for their delay that, in sum and substance, are predicated on Hommel's lack of legal experience, which led him to physically appear at the courthouse on the date that an answer was due rather than serving a written answer on plaintiff's counsel. However, Hommel's ignorance of his legal obligations based upon his decision to initially proceed pro se, when considered alongside his representation that he had initially deemed the complaint frivolous, does not constitute a reasonable excuse for his delay in answering (see Carrington Mtge. Servs., LLC v Fiore, 206 AD3d at 1307; Kelly v Hinkley, 186 AD3d 1842, 1843 [3d Dept 2020]; Kranenburg v Butwell, 34 AD3d 1005, 1006 [3d Dept 2006]; compare Puchner v Nastke, 91 AD3d 1261, 1262 [3d Dept 2012]). Moreover, based upon their undisputed receipt of two separate correspondence from plaintiff's counsel, the second of which Hommel disregarded entirely, defendants were clearly on notice that litigation would be commenced if they failed to respond, and the summons provided a further warning that the failure to answer the complaint could result in a default judgment (see OneWest Bank, FSB v Villafana, 187 AD3d 1201, 1202 [2d Dept 2020]; Bank of N.Y. Mellon v Daniels, 180 AD3d 738, 739 [2d Dept 2020]; Chase Home Fin., LLC v Minott, 115 AD3d 634, 634 [2d Dept 2014]). Under these circumstances, we are satisfied that Supreme Court did not clearly abuse its discretion in determining that defendants lacked a reasonable excuse for defaulting and, accordingly, we need not address whether defendants have established a meritorious defense (see Matter of CCAP Auto Lease Ltd. v Savannah Car Care, Inc., 211 AD3d at 1214; Wells Fargo Bank, N.A. v Oppitz, 182 AD3d 746, 747 [3d Dept 2020], lv dismissed 35 NY3d 1126 [2020]).
Garry, P.J., Egan Jr., Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, with costs.