Bank of N.Y. Mellon v Richards (2024 NY Slip Op 06265)

Bank of N.Y. Mellon v Richards

2024 NY Slip Op 06265

Decided on December 12, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 12, 2024

CV-23-2041 CV-24-0597
[*1]The Bank of New York Mellon, as Trustee, Appellant,
v
Terri Richards, Respondent, et al., Defendants.

Calendar Date:October 10, 2024

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Mackey, JJ.

Akerman LLP, Washington, DC (Aliza Malouf of counsel), for appellant.
Burgess & Associates PC, Clifton Park (Peter L. Burgess of counsel), for respondent.

Pritzker, J.
Appeals (1) from an order of the Supreme Court (James E. Walsh, J.), entered October 18, 2023 in Saratoga County, which, among other things, granted defendant Terri Richards' motion to dismiss the complaint against her, and (2) from a judgment entered thereon.
Plaintiff is the successor in interest to the mortgagee of defendant Terri Richards (hereinafter defendant). In January 2007, plaintiff's predecessor in interest and defendant executed a note that was secured by a mortgage on real property located in the Village of Schuylerville, Saratoga County. In 2009, plaintiff's predecessor in interest accelerated the mortgage by commencing a foreclosure action. After an unsuccessful settlement conference, Supreme Court (Chauvin, J.) marked the case as administratively abandoned, because plaintiff, who had been assigned the mortgage in 2013, had failed to follow the court's directive and file for an order of reference. Five years later, plaintiff moved to restore the action to the active calendar, which Supreme Court (Nolan Jr., J.) denied, and, on appeal, this Court affirmed in March 2021 (see Bank of N.Y. v Richards, 192 AD3d 1228, 1231 [3d Dept 2021]). In July 2021, plaintiff commenced this foreclosure action to recover on the mortgage. After joinder of issue, and the passage of the Foreclosure Abuse Prevention Act (see L 2022, ch 821 [hereinafter FAPA]), Supreme Court (Walsh, J.) granted a motion filed by defendant seeking to dismiss the complaint as time-barred under CPLR 205-a. Plaintiff appeals.
Plaintiff contends that Supreme Court erred in applying CPLR 205-a (a) rather than CPLR 205 (a) because FAPA, which enacted CPLR 205-a (a), should not be applied retroactively. As relevant here, FAPA states that "[w]hile [a foreclosure] action is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, including an action to foreclose the mortgage, without leave of the court in which the former action was brought" (RPAPL 1301 [3]). If leave is not acquired, the second action is "deemed discontinued" (RPAPL 1301 [3]). If the action is "adjudicated to be barred by the applicable statute of limitations, any other actionseeking to foreclose the mortgage or recover any part of the same mortgage debt shall also be barred by the statute of limitations" (RPAPL 1301 [4]). CPLR 205-a (a) provides mortgagees a six-month grace period to refile a dismissed action when the dismissed action is not, as relevant here, terminated "for any form of neglect" (CPLR 205-a [a]). CPLR 3404 states that a case "marked 'off' or struck from the calendar" and not restored within a year after that time "shall be deemed abandoned and dismissed without costs for neglect to prosecute" (CPLR 3404). Previous to FAPA's enactment, a plaintiff received the same six-month grace period to refile the action pursuant to CPLR 205 (a), but that proviso is narrower, being limited to dismissals "for neglect [*2]to prosecute" and requiring the court to set forth on the record the specific conduct for such finding.
Bearing that in mind, if plaintiff is correct and Supreme Court erred in applying FAPA retroactively, we would need to determine whether plaintiff can benefit from the savings provision of CPLR 205 (a). However, if we determine that FAPA is to be applied retroactively, plaintiff concedes that CPLR 205-a (a) would be inapplicable to this action and, thus, it would be time-barred. To that end, this Court, as well as the First and Second Departments, have recently held that FAPA is to be applied retroactively (see US Bank v Lynch, ___ AD3d ___, ___, 218 NYS3d 854, 856 [3d Dept 2024]; CitiMortgage, Inc. v Goldstein, 230 AD3d 1219, 1224 [2d Dept 2024]; Maneri v Residential Funding Co., LLC, 227 AD3d 796, 797-798 [2d Dept 2024]; Genovese v Nationstar Mtge. LLC, 223 AD3d 37, 44-45 [1st Dept 2023]; see also L 2022, ch 821, § 10; NY Assembly Debate on Assembly Bill A7737B, Mar. 23, 2022 at 9). Therefore, the savings provision of CPLR 205-a (a) applies to this action. As such, plaintiff accelerated the mortgage by bringing the first foreclosure action in 2009 (see CPLR 213 [4]), and the six-year statute of limitations expired in 2015. Given that such action was administratively dismissed in 2013 as abandoned, which plaintiff does not dispute constitutes "a dismissal of the complaint for any form of neglect" (CPLR 205-a [a]), plaintiff is not entitled to the benefit of the savings provision of CPLR 205-a (a) (see US Bank N.A. v Armand, 220 AD3d 963, 966 [2d Dept 2023]). Thus, Supreme Court did not err in granting defendant's motion to dismiss the 2021 complaint as time-barred.
Plaintiff's related assertion, that retroactive application of FAPA would be unconstitutional as applied, is unpreserved as it was not raised in Supreme Court (see Guck v Prinzing, 100 AD3d 1507, 1508 [4th Dept 2012], lv denied 21 NY3d 851 [2013]).
Clark, J.P., Reynolds Fitzgerald, Ceresia and Mackey, JJ., concur.
ORDERED that the order and the judgment are affirmed, with costs.