Bank of N.Y. v Wells (2025 NY Slip Op 06941)

 Bank of N.Y. v Wells

2025 NY Slip Op 06941

Decided on December 11, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 11, 2025

CV-24-1328
[*1]The Bank of New York, as Trustee, Respondent,
v
Jeromy W. Wells et al., Appellants.

Calendar Date:October 16, 2025

Before:Aarons, J.P., Reynolds Fitzgerald, Ceresia, Fisher and McShan, JJ.

Maynard, O'Connor, Smith & Catalinotto, LLP, Albany (Justin W. Gray of counsel), for appellants.
Davidson Fink LLP, Rochester (Richard Franco of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from two orders of the Supreme Court (David Gandin, J.), entered June 3, 2024 and June 5, 2024 in Ulster County, which, among other things, denied defendants' cross-motion to vacate a default judgment.
Having recently heard an appeal involving this matter (222 AD3d 1237 [3d Dept 2023]), we are familiar with the underlying facts presented herein. As relevant to this appeal, in 2006 defendants Jeromy W. Wells and Margaret A. Wells executed a promissory note secured by a mortgage on real property located in Ulster County. The note and mortgage were subsequently assigned to plaintiff, and in 2008 it commenced this foreclosure action. Defendants did not appear or answer; therefore, plaintiff moved for default judgment and appointment of a referee. Supreme Court (O'Connor, J.) granted same in a March 2009 ex parte order. Thereafter, the matter was subject to a series of independent litigation holds and in 2015 was subsequently assigned to Supreme Court (Gilpatric, J.), which issued a conference order scheduling a February 2016 settlement conference.
In 2016, plaintiff advised Supreme Court that defendants were participating in loss mitigation and that the settlement conference would not be necessary. In 2018, following several more periods of loss mitigation, plaintiff commenced a second foreclosure action regarding the property. Defendants appeared and filed an answer in this second action and once again participated in loss mitigation. This matter was further delayed due to the COVID-19 moratorium hold on foreclosure actions. In February 2022, defendants moved to dismiss and plaintiff cross-moved to consolidate the two actions. Supreme Court granted defendants' motion and denied plaintiff's cross-motion. Plaintiff appealed, and this Court reversed and remitted, further ordering that the two actions be consolidated (id. at 1239-1240). In 2024, plaintiff moved for the appointment of a successor referee and defendants crossed-moved seeking leave to serve an answer or to vacate their default. Supreme Court (Gandin, J.) granted plaintiff's motion and denied defendants' cross-motion. Defendants appeal.
Initially, defendants contend that the 2009 ex parte order of default should not have been granted because a settlement conference had not taken place. We disagree. At the time of the first foreclosure action, RPAPL 1304 (former [3-a]) provided that for any action initiated on a residential mortgage loan prior to September 1, 2008, but before a final order of judgment had been issued, the court was to request the plaintiff to identify whether the loan was subprime or high cost and, if so, the court shall notify the defendant that he or she may request a settlement conference. The record demonstrates Supreme Court's (O'Connor, J.) compliance with the statute, culminating in the court's determination that defendants' inaction was a waiver of the settlement conference. Moreover, defendants proffer that their inaction was due to them moving and no longer [*2]residing at the property, further negating that a settlement conference should have been held (see CPLR 3408 [a]; Bank of N.Y. Mellon v Lee, 201 AD3d 852, 853 [2d Dept 2022]).
Turning to the merits of Supreme Court's (Gandin, J.) denial of defendants' motion, "[w]hether viewed as a challenge to the denial of the motion for leave to file a late answer or the motion to vacate their default, or both, defendants were required to demonstrate a reasonable excuse for their delay or default" (Carrington Mtge. Servs., LLC v Fiore, 206 AD3d 1306, 1307 [3d Dept 2022]; see Sheber v Ashley Homes LLC,224 AD3d 1136, 1137 [3d Dept 2024]). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (OneWest Bank, FSB v Villafana, 187 AD3d 1201, 1202 [2d Dept 2020] [citations omitted]; see Carrington Mtge. Servs., LLC v Fiore, 206 AD3d at 1307).
Defendants have asserted several excuses for their failure to answer, including that they could not afford to hire an attorney to represent them, they were not aware of any defenses that they could have asserted in the foreclosure action, nor were they aware that they could have attempted to negotiate to modify the loan. However, "claims of ignorance of the law and a lack of understanding of the need to serve an answer do not constitute a reasonable excuse" (US Bank N.A. v Salvatierra, 205 AD3d 757, 758 [2d Dept 2022]; see Wells Fargo Bank, NA v Besemer, 131 AD3d 1047, 1049 [2d Dept 2015]). Accordingly, we are satisfied that Supreme Court did not clearly abuse its discretion in determining that defendants lacked a reasonable excuse for defaulting. The absence of a reasonable excuse for the default renders it unnecessary to address whether defendants have established a meritorious defense (see Wells Fargo Bank, N.A. v Oppitz, 182 AD3d 746, 747 [3d Dept 2020], lv dismissed 35 NY3d 1126 [2020]; McCue v Trifera, LLC, 173 AD3d 1416, 1419 [3d Dept 2019]).
Aarons, J.P., Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the orders are affirmed, without costs.